**In re the MARRIAGE OF Mary E. BUTLER and Dearril D. Butler.**

**Upon the Petition of Mary E. Butler, Petitioner-Appellee, And Concerning Dearril D. Butler, Respondent-Appellant.**

No. 83–450.

Court of Appeals of Iowa.

Feb. 21, 1984.

**46**

William L. Springer, Marshalltown, Iowa, for respondent-appellant.

Ted Hoglan and Barry S. Kaplan of Fairall, Fairall, Kaplan & Condon, Marshalltown, Iowa, for petitioner-appellee.

Heard by DONIELSON, P.J., and HAYDEN and SACKETT, JJ.

HAYDEN, Judge.

Respondent appeals from the trial court's decree dissolving the parties' marriage. He asserts that the three children should be placed in joint custody, that the alimony and child support obligations imposed on him are excessive, and that the court's division of property is inequitable. Petitioner filed a notice of cross-appeal, but withdrew the cross-appeal in her brief. She requests an award for attorney's fees incurred in the appeal of this case.

Petitioner, Mary E. Butler, and respondent, Dearril D. Butler, were married in 1971. They have three children, two sons born in 1971 and 1973, and a daughter born in 1976. Dearril is employed as a railroad mechanic earning a net salary of $1700 per month. He testified that his income has been higher in previous years due to overtime pay, but that he is no longer willing to work extra hours. Mary was not employed outside the home during most of the marriage. Since the separation she has obtained a job paying minimum wage. Her average net income is $182 every two weeks.

The trial court placed the children in Mary's custody and ordered Dearril to pay $500 per month child support. As each of the two older children reaches age eighteen or marries, dies, or graduates from high school, the monthly child support decreases $100. The court also directed Dearril to pay alimony of $125 per month for three years.

The parties' primary asset is a house held in joint tenancy which is subject to a mortgage. The court directed that the house be sold and the net proceeds be divided equally between the parties. Mary was awarded a car, home furnishings, and personal effects. Dearril was awarded two vehicles and personal effects.

Our review of this equitable action is **de novo.** Iowa R.App.P. 4. Although the findings of the trial court are not binding upon us, we do give them weight especially where the credibility of witnesses is involved. Iowa R.App.P. 14(f)(7).

■ I. Child Custody. Dearril argues that the trial court erred by not providing for joint custody of the children. Iowa Code section 598.41(3) sets forth the factors to be considered in determining what custody arrangement is in the best interest of the children. The trial court, pursuant to section 598.41(2), stated in its decision the reasons for denying joint custody. The court noted that the parties have had problems communicating and that Mary was opposed to a joint custody arrangement. The court also expressed doubts as to the parties' ability to support each other's relationship with the children. *See* Iowa Code section 598.41(3)(c), (e) and (g). After reviewing the record in this case, we see no reason to disturb the trial court's decision on this issue. Mary testified that Dearril is argumentative and has violent outbursts of temper. She believes that any attempt at joint custody would be futile. An example of the hostility that prevents the parties from cooperating is Dearril's unwillingness to file a joint 1982 income tax return with Mary even though it will reduce his tax liability.

■ II. Child Support. The criteria to be considered when setting child support are found in Iowa Code section 598.21(4). Dearril claims that $500 per month is an excessive amount to be required to pay to support three children. We do not agree. The disparity between the financial positions of Mary and Dearril indicates that Dearril should provide the greater portion of support necessary for the children. The amount awarded by the trial court is not unduly burdensome to Dearril. *See In re Marriage of Huston,* 263 N.W.2d 697, 700 (Iowa 1978).

■ III. Alimony. Iowa Code section 598.21(3) lists the factors relevant to making an award of alimony. In this case

Mary has no special training or skills. During the marriage she devoted her time to caring for the home and children. The trial court awarded her $125 per month for three years. We find no error in this provision which allows Mary time to develop new skills and secure full-time employment.

IV. Property Division. In 1975 Dearril suffered a torn cartilage in his leg in an industrial accident. It was subsequently determined that he had received an eight percent permanent partial disability for which he was awarded $14,927. He contributed $11,000 of the award toward construction of the parties' home and spent another $3,000 on furniture for the house. Dearril maintains that a sum equal to his workmen's compensation award should be set aside for him from the sale of the parties' home.

The question of whether workmen's compensation disability awards constitute marital property which can be divided by a court upon dissolution appears to be unanswered in this state. Our statute contains a special provision for gifts and inheritances, but offers no guidance on this issue. The particular facts of this case make it unnecessary for us to give a general answer to this question.

■■■ Dearril used the majority of his disability award to construct a house which he held in joint tenancy with Mary. A transfer of property into joint tenancy where one party furnishes all of the consideration is presumed to be a gift to the other party of one-half interest in the property. *Frederick v. Shorman*, 259 Iowa 1050, 1056, 147 N.W.2d 478, 482 (1966). There was no evidence presented in this case which would rebut that presumption. Other jurisdictions which have considered similar situations have recognized that the separate property of one spouse is transformed into marital property when it is placed in some form of joint ownership. *Farmer v. Farmer*, 398 So.2d 723, 726 (Ala.Civ.App.1981); *Carter v. Carter*, 419 A.2d 1018, 1021–22 (Me.1980); *Husband T.N.S. v. Wife A.M.S.*, 407 A.2d 1045, 1047–48 (Del.1979).

The same reasoning applies to that part of Dearril's award used to purchase furniture. The furniture was used by both parties and their children in the marital domicile. It is jointly owned by the parties. We see no reason to now allow Dearril to recover money which was spent to fulfill his legal obligation to support his family. *See In re Marriage of Schriner*, 88 Ill. App.2d 380, 43 Ill.Dec. 572, 574, 410 N.E.2d 572, 574 (1980).

If Dearril had placed the money in a separate bank account or invested it in items over which he retained sole control, this would be a different case. Since, however, Dearril made the money available to the marital unit for its unrestricted use and benefit, we find no error in the trial court's failure to set aside for Dearril's sole benefit a sum equal to his disability award.

We have considered all of the provisions of the trial court decree relating to property division and find them to be equitable.

■■■ V. Joint Income Tax Return. We vacate that part of the trial court's ruling ordering the parties to file a joint income tax return for 1982. Since the taxation laws give the parties an option of filing a joint or separate return, the trial court should not have compelled them to file jointly. *Leftwich v. Leftwich*, 442 A.2d 139, 143–46 (D.C.1982). However, when determining an equitable division of property the court is free to consider the financial consequences of one party's refusal to file a joint return.

■■■ VI. Attorney's Fees on Appeal. In a dissolution action, attorney's fees are not awarded as a matter of right. *In re Marriage of Willcoxson*, 250 N.W.2d 425, 427 (Iowa 1977). After considering all of the provisions of the dissolution decree and the financial positions of both parties, we deny Mary's petition for attorney's fees connected with this appeal.

AFFIRMED IN PART; REVERSED IN PART.