**In re the MARRIAGE OF Jean S. HAVRAN and Lester F. Havran**

**Upon the Petition of Jean S. Havran, Petitioner-Appellant,**

**And Concerning Lester F. Havran, Respondent-Appellee.**

No. 85–887.

Court of Appeals of Iowa.

March 31, 1987.

Barry S. Kaplan of Fairall, Fairall, Kaplan & Hoglan, Marshalltown, for petitioner-appellant.

Donald G. Juhl, Nevada, for respondent-appellee.

Considered by OXBERGER, C.J., and SNELL and HAYDEN, JJ.

OXBERGER, Chief Judge.

In this appeal, petitioner Jean Havran challenges several provisions of the trial court's decree in the underlying dissolution proceeding. Specifically, Jean argues that the division of assets formulated by the trial court is inequitable because: (1) the court erroneously concluded that certain assets given to the respondent, Lester Havran, were gifts and as such were not subject to distribution; and (2) the court erred in finding that Lester owed his sister $32,018.18 for the homestead which she helped him acquire, and in subtracting this amount from the value of the property. In addition, Jean asserts that the trial court should have awarded her alimony. We affirm as modified.

The principles governing our review in proceedings of this nature are familiar and well-established. Our standard of review is de novo. Iowa R.App.P. 4. Accordingly, we review the facts and the law and determine the parties' rights anew where issues have properly been presented and preserved. *In re Marriage of Phipps*, 379 N.W.2d 26, 27 (Iowa Ct.App.1985). Although we are not bound by the trial court's findings of fact, we give them weight, particularly where the credibility of witnesses is implicated. *In re Marriage of Bornstein*, 359 N.W.2d 500, 502 (Iowa Ct. App.1984).

Jean first complains that the trial court erred in concluding that certain property which she and Lester held in joint tenancy had been a gift to Lester alone and consequently should be excluded from the property distribution. Jean contends that because the deed names both parties as joint tenants, the property is a marital asset. We agree with this assertion in the circumstances of this case.

■ Iowa Code section 598.21(1) directs a court in a dissolution action to "divide all property except inherited property or gifts received *by one party.*" (Emphasis added.) The record in the present case discloses that the property in question was not given to Lester alone, but rather was deeded to both Lester and Jean as joint tenants. Significantly, we think that the record contains credible evidence indicating that the property was *intended* to be a gift to both parties. Unlike our opinion filed this date in *In re Marriage of Martens*, 406 N.W.2d 819 (Iowa Ct.App.1987), the record in the matter sub judice reflects that Lester's sister thought highly of Jean and intended that she benefit from being a joint owner of the property. As such, we find section 598.21 inapplicable. *See In re Marriage of Vrban*, 359 N.W.2d 420, 427 (Iowa 1984). Consequently, we conclude that the trial court should have included this property when dividing the marital assets, and that the court erred in segregating the item exclusively to Lester. Accordingly, we have considered the $12,000 fair market value of this asset in recalculating the property division in a latter portion of this opinion.

Similarly, we think that the trial court erred in setting aside the value of the parties' 1978 Oldsmobile. The court found that this item was also a gift given exclusively to Lester. The record discloses, however, that the automobile was placed in the names of both parties and was used as their family car. We think that these facts bring the auto squarely within the purview of our decision in *In re Marriage of Butler*, 346 N.W.2d 45 (Iowa Ct.App.1984). In *Butler*, we held that, "the separate property of one spouse is transformed into marital property when it is placed in some form of joint ownership." *Id.* at 47. Clearly, Lester placed the automobile in joint ownership when he included Jean's name on the certificate of title. Accordingly, we conclude that the trial court should also have included the $5,500 value of the Oldsmobile among the marital assets.

Finally, Jean argues that the trial court's property distribution is inequitable because the court incorrectly determined that Lester owed his sister $32,018.18 for a homestead which she helped him acquire. The

trial court found that the net value of the homestead was $7,981.82; the court arrived at this figure by subtracting the amount of the encumbrance from the fair market value of the homestead. Jean contends that the actual net value of the property is $40,000, its fair market value, because Lester is under no obligation to repay the indebtedness. Jean asserts that when the $40,000 value is included in the assets which Lester received pursuant to the trial court's decree, her property award is grossly disproportionate.

■ We think, however, that the record contains credible evidence supporting the trial court's finding that Lester is obligated to repay the amount of the loan. The record reveals that Lester and Jean have continually been making interest payments to Lester's sister and have indicated the same on their income tax returns. In addition, Lester's sister testified that she intended for Lester to repay the loan. In these circumstances, we find no error in the action of trial court fixing the net value of the homestead at $7,981.82.

■ Applying the above changes to the division of marital property formulated by the trial court, the net value of the items awarded to Jean remains unchanged;[1] the amount of Lester's award, however, is increased by the value of the assets erroneously set-off to him. In evaluating the propriety of this distribution, we are guided by the factors set forth in Iowa Code section 598.21(1) (1985). Our critical inquiry is whether the distribution is equitable in the particular circumstances of this case. *In re Marriage of Wallace*, 315 N.W.2d 827, 830 (Iowa Ct.App.1981). We recognize that each marital partner is entitled to a just and equitable share of the property accumulated through their joint efforts. *In re Marriage of Hitchcock*, 309 N.W.2d 432, 437 (Iowa 1981). Furthermore, all economic aspects of the decree must be considered in conjunction in ascertaining its overall equitability. *In re Marriage of Behn*, 385 N.W.2d 540, 543 (Iowa 1986).

After carefully scrutinizing the record in light of these principles, we conclude that the division of property should be slightly modified to reflect the findings made in this appeal. Accordingly, we think that Lester should be ordered to pay Jean the sum of $8,000 payable in $1,000 annual installments, plus accrued interest. This modification gives each party a nearly equal share of the marital property, which we feel is justified in the circumstances of this case. *See In re Marriage of Byall*, 353 N.W.2d 103, 106 (Iowa Ct.App.1984).

■ Jean additionally argues that the trial court erred in refusing to grant her an alimony award. The criteria governing the granting of alimony are set forth in section 598.21(3) of the Iowa Code. When determining the appropriateness of alimony, we must consider (1) the earning capacity of each party, and (2) their present standards of living and ability to pay balanced against their relative needs. *In re Marriage of Estlund*, 344 N.W.2d 276, 281 (Iowa Ct. App.1983). Our examination of the record in the instant case in light of these principles persuades us that the trial court committed no error in declining Jean's request for alimony. In reaching this conclusion, we think that the following facts are particularly significant. Initially, we note that while Jean was only employed on a part-time basis at the time of the trial, she testified that she anticipated little difficulty in obtaining full-time employment. By contrast, Lester recently underwent a total laryngectomy because of throat cancer; although Lester expected to return to work within a short while, his earning capacity is not likely to exceed Jean's if she obtains full-time work. In addition, the trial court awarded Jean liquid assets which allow her substantial investment opportunities.

1. Although Jean has not explicitly challenged the value of the family home, a table in her brief recalculating the parties' respective awards discloses that she assigned the home, which was awarded to her, a $7,000 value. The trial court, however, found that the value of the home was $30,000. We think that the record contains credible evidence supporting the trial court's finding, and decline from disturbing it. *See In re Marriage of Bere*, 203 N.W.2d 551, 554 (Iowa 1973).

Moreover, the record discloses that prior to the trial, Jean inherited $50,000 which was completely set-off to her. In these circumstances, we think that Jean is able to support herself at a standard of living closely approximating that enjoyed by the parties. Furthermore, given Lester's age, health, and the property division, requiring him to pay alimony would likely result in hardship. As such, we conclude that the trial court properly refrained from awarding Jean alimony.

AFFIRMED AS MODIFIED.