**In re The MARRIAGE OF David Watts JONES and Karen Lee Jensen.**

**Upon the Petition of David Watts Jones, Appellant,**

**And Concerning Karen Lee Jensen, Appellee.**

No. 88–1137.

Court of Appeals of Iowa.

Nov. 27, 1989.

Sally H. Peck of Peck Law Office, Iowa City, for petitioner-appellant.

John W. Hayek of Hayek, Hayek, Hayek & Holland, Iowa City, for respondent-appellee.

Heard by HAYDEN, P.J., and SACKETT and HABHAB, JJ.

HABHAB, Judge.

David Watts Jones appeals the property division awarded by the district court in the parties' dissolution. We affirm as modified.[1]

The parties, David Jones and Karen Jensen, were ceremonially married in 1985 but had lived together for about four years before their wedding. Throughout their cohabitation and marriage, they lived in a house owned by Karen before she met David. At the time David moved in, this house was in poor repair. David, who is a carpenter and house painter by trade, did work to improve this house. In addition, throughout the cohabitation and marriage David made regular weekly payments to Karen to compensate her for the expenses caused by his presence. Karen did most of the domestic chores around the house in addition to purchasing the parties' food, clothing, and other incidentals.

Karen holds a master's degree and is a research biologist at the University of Iowa. She earns about $29,000 per year. David has two years of college credit but no degree. At trial time he was employed as a labor union business agent. Earlier in the parties' relationship he worked as a carpenter or house painter; some of this work was part-time or sporadic, and in some years his annual income was low.

The parties' primary asset was the aforementioned house which Karen valued at $28,530. The dissolution decree awarded this house to Karen and directed Karen to pay David $2000 to compensate him for his improvements to the house.

Each party was awarded various vehicles, savings accounts of little value, and personal effects. Neither party was awarded alimony or attorney's fees.

Our review here is de novo. Iowa R.App.P. 4. We give weight to the district court's findings of fact, but are not bound by them. Iowa R.App.P. 14(f)(7).

I.

The first issue David raises is that the trial court erred in failing to find that a common law marriage existed between the parties beginning in 1981. While this issue was never expressly raised in the pleadings to this matter, the trial court found that the parties had agreed that they did not have a common law marriage. Since the issue was ruled upon by the trial court, we are compelled to examine it upon appeal.

---

1. Appellant's objection and motion to strike letter from appellee's counsel to this court, dated September 8, 1989, is sustained.

Iowa is one of a minority of states which still recognizes common law marriages. In order to prove the existence of a common law marriage, the party asserting its existence must prove the following three elements: (1) present intent and agreement to be married, (2) continuous cohabitation, and (3) public declaration that the parties are husband and wife. *In re Marriage of Gebhart,* 426 N.W.2d 651, 652 (Iowa App.1988); *In re Marriage of Winegard,* 278 N.W.2d 505, 510 (Iowa 1979). Our review of the evidence leads us to conclude that David failed to carry his burden of proof on this issue. While it is uncontroverted that the parties cohabited continuously from 1981, we find no present intent and agreement to be married. Indeed, David testified at trial only that the parties had a "monogamous marital-type relationship."

## II.

David next asserts that even if the parties did not have a common law marriage at the time the home improvements took place, the trial court erred in not imposing a constructive trust in his favor on the house for the value of the improvements made by him to the property. A constructive trust is an equitable remedy used to prevent unjust enrichment by way of restitution. *See Slocum v. Hammond,* 346 N.W.2d 485, 493 (Iowa 1984); *Regal Ins. Co. v. Summit Guar. Corp.,* 324 N.W.2d 697, 704 (Iowa 1982). The Iowa Supreme Court has approved the following definition:

> A constructive trust is a creature of equity, defined ... as a remedial device by which the holder of legal title is held to be a trustee for the benefit of another who in good conscience is entitled to the beneficial interest. So, the doctrine of constructive trust is an instrument of equity for the maintenance of justice, good faith, and good conscience, resting on a sound public policy requiring that the law should not become the instrument of designing persons to be used for the purpose of fraud.

*Regal Ins. Co.,* 324 N.W.2d at 704–05 (quoting *Loschen v. Clark,* 256 Iowa 413, 419, 127 N.W.2d 600, 603 (1964)).

There are three categories of constructive trusts: (1) those arising from actual fraud; (2) those arising from constructive fraud; (3) those based on equitable principles other than fraud. *Slocum,* 346 N.W.2d at 493; *Regal Ins. Co.,* 324 N.W.2d at 705; *Loschen,* 256 Iowa at 419–20, 127 N.W.2d at 603. The party seeking to impose a constructive trust must establish the right by clear, convincing, and satisfactory evidence. *Slocum,* 346 N.W.2d at 493; *Regal Ins. Co.,* 324 N.W.2d at 705. We find that David has failed to produce clear and convincing evidence demonstrating that Karen has enriched herself at his expense. Rather, we agree with the trial court's conclusion that David gratuitously offered his services to her. Similarly, Karen gratuitously offered her services to David in the way of domestic chores around the house. In addition, David enjoyed the fruits of his labor in that he was permitted to live, for all intents and purposes, rent free in the house during the period in which the parties cohabited. We find the record in this case to be devoid of any inequity which would require us to impose a constructive trust or other equitable doctrine for the purposes of reimbursing David for his services to Karen.

## III.

David also appeals the trial court's property division as it relates to the marital home. Each partner to a marriage is "entitled to a just and equitable share of the property accumulated through their joint efforts." *In re Marriage of Havran,* 406 N.W.2d 450, 452 (Iowa App.1987). The parties' marriage here was of a relatively-short duration. The marital home was purchased by Karen in 1976 for $11,000 and was fully paid for at the time of the parties' marriage in 1985. Karen valued the house at the time of trial at $28,530. The trial court awarded David $2,000 to compensate him for his improvements to the house after the parties' marriage. We find this sum to be inequitable and raise it to $6,000.

## IV.

Finally, Karen requests attorney fees on appeal. An award of attorney fees is not a matter of right, but rests within the court's discretion and the parties' financial positions. *In re Marriage of Kern*, 408 N.W.2d 387, 390 (Iowa App.1987). We are to consider the needs of the party making the request, the ability of the other party to pay, and whether the party making the request was obligated to defend the trial court's decision on appeal. *In re Marriage of Castle*, 312 N.W.2d 147, 150 (Iowa App.1981). Considering Karen's superior economic situation, we do not believe attorney fees are warranted here. Costs on appeal are assessed to the appellant.

AFFIRMED AS MODIFIED.