In re the **MARRIAGE OF Diane L. ALEXANDER and Gordon Alexander**

Upon the Petition of Diane L. Alexander, Appellant/Cross–Appellee,

And Concerning Gordon Alexander, Appellee/Cross–Appellant.

No. 90–1381.

Court of Appeals of Iowa.

Oct. 29, 1991.

Donald J. Charnetski of Charnetski, Olson & Lacina, Grinnell, for appellant/cross-appellee.

Roger W. Sunleaf of McNeil & Sunleaf, Montezuma, for appellee/cross-appellant.

Considered by SCHLEGEL, P.J., and HAYDEN and HABHAB, JJ.

SCHLEGEL, Presiding Judge.

Diane and Gordon Alexander were married in 1974. They have two children, a boy born in June 1979 and a girl born in October 1984. The district court dissolved the marriage on August 9, 1990. The dissolution decree placed the children in joint legal custody and in Diane's primary physical care. Gordon was directed to pay Diane child support totaling $1400 per month while both children are eligible and dropping to $1000 per month when only one child remains eligible. These custody and support provisions are not challenged in the present appeal.

Gordon, born May 18, 1949, is a pharmacist. He operates a drug store which has been owned by his family since 1919. In recent years Gordon and Diane have been the sole stockholders in the closely held corporation. Gordon purchased some shares and received others as gifts from his father. The drug store has been very

profitable, partly because it is the only drug store in a small town and partly because the Alexander family name has been trusted in the community. Gordon has chosen to draw a lower salary and to leave retained earnings in the corporate accounts.

Diane, born March 16, 1953, has been a registered nurse in the past but has not worked outside the home for over ten years. She asserts she will have trouble finding employment because her training is outdated, she lacks a four-year degree, and back trouble restricts her lifting capacity.

The dissolution decree directed Gordon to pay Diane rehabilitative alimony of $250 for any month that Diane is regularly receiving an update of her nursing education or other full time education for a maximum of twenty-four months. Furthermore, she would not be entitled to alimony thirty-six months from the date of entry of the decree. Neither party was awarded trial attorney's fees.

Gordon was awarded all the stock in the closely held corporation which owns the drug store assets. The corporation assets were valued at roughly $400,000, including retained earnings but excluding "good will" or "blue sky." The court valued "good will" or "blue sky" at an additional $42,000. Diane was awarded a house, valued at about $65,000 and apparently free of debt. She was also awarded an investment account containing $43,000. Gordon was directed to pay Diane a cash property award of $100,136. He was also directed to pay her an additional $14,000 in cash; this figure was chosen to represent one-third of the value placed on the corporation's "good will" or "blue sky."

Diane has appealed from the dissolution decree, and Gordon has cross-appealed. Diane requests attorney fees on appeal. In this equity action, our review is de novo. Iowa R.App.P. 4. We have a duty to examine the entire record and adjudicate anew rights on the issues properly presented. *In re Marriage of Steenhoek*, 305 N.W.2d 448, 452 (Iowa 1981). We give weight to the fact findings of the trial court, especially when considering the credibility of witnesses, but are not bound by them. Iowa R.App.P. 14(f)(7).

I. The partners in a marriage are "entitled to a just and equitable share of the property accumulated through their joint efforts." *In re Marriage of Havran*, 406 N.W.2d 450, 452 (Iowa App.1987). The distribution of the property of the parties should be that which is equitable under the circumstances after consideration of the criteria codified in Iowa Code section 598.-21(1). *In re Marriage of Estlund*, 344 N.W.2d 276, 280 (Iowa App.1983).

A. Diane argues that the corporate stock received by Gordon from his father from 1975 to 1978 should have been marital property. The trial court found that Gordon was entitled to exclude from the marital assets one-third of the value of the corporation due to these gifts. We agree with the trial court determination that this stock was a gift to Gordon alone and that it is not subject to property division. Iowa Code § 598.21(2) (1991). After thorough examination of the record, we do not agree with Diane's contention that Gordon hoarded money in the corporation in order to protect one-third of it under the gift theory. We do not change the trial court's percentage of value subtracted for gift purposes.

B. Diane believes the "blue sky" value of Alexander Drug Company is worth substantially more than the $42,000 found by the trial court. We find the value determined by the trial court to be well within the permissible range of evidence and will not disturb it on appeal. *See In re Marriage of Bare*, 203 N.W.2d 551, 554 (Iowa 1973); *In re Marriage of Griffin*, 356 N.W.2d 606, 608 (Iowa App.1984).

C. Diane contends that Gordon spent $81,924.35 from his personal bank account during the period of January 1, 1989, through April 12, 1990. She argues that he removed this money from the marital pot and simultaneously increased cash in his corporation. She believes she should be awarded $10,000. After review of the itemized expenditures, we find none unrea-

sonable. We affirm the trial court on all aspects of the property division.

■ II. We consider property division and alimony together in evaluating their individual sufficiency. *In re Marriage of Dahl,* 418 N.W.2d 358, 359 (Iowa App. 1987); *In re Marriage of Griffin,* 356 N.W.2d 606, 608 (Iowa App.1984). When determining the appropriateness of alimony, the court must consider (1) the earning capacity of each party, and (2) their present standards of living and ability to pay balanced against their relative needs. *In re Marriage of Estlund,* 344 N.W.2d 276, 281 (Iowa App.1983). Alimony is not an absolute right; an award depends upon the circumstances of each particular case. *In re Marriage of Fleener,* 247 N.W.2d 219, 220 (Iowa 1976). The discretionary award of alimony is made after considering those factors listed in Iowa Code section 598.-21(3). *See In re Marriage of Hayne,* 334 N.W.2d 347 (Iowa App.1983).

■ The trial court ordered that Diane be paid $250 per month as rehabilitative alimony for a period of up to two years as long as Diane is receiving an update of her nursing education or other full time education. Diane argues she should receive alimony of $500 per month for a period of forty-eight months from the date of the decree.

Diane has a R.N. diploma but does not have a degree in nursing. Her license is current, and she has worked some during the marriage as a nurse. Diane claims she is unemployable due to her back problems and the fact that she needs a reentry program which would take three to six months of training. The trial court found "though Diane testified that her back causes her extreme pain, it is not so severe as to keep her off the golf course on a very regular basis." The trial court also believed Diane could be employed at a reasonable salary in the not too distant future. We agree and affirm the alimony award of $250 per month. We modify, however, its conditional duration. We believe Gordon's alimony obligation should last for twenty-four months regardless of Diane's educational status. She must have time to find employment after finishing her reentry classes.

■ III. Gordon cross-appeals for three reasons. First, he states the antiques gifted to him were not marital property. Diane received all furnishings from the household, which Gordon valued at $6,000. Gordon got only the antiques given to him by his father and grandmother. He believes the trial court erred in not using the $6,000 value as an offset against the property settlement. The furniture was not listed on the stipulation of assets and liabilities. For this reason, the trial court was not able to rule on this issue and it is waived. The trial court found with the information available, however, the household furnishings were divided and that the values were about equal. We agree.

■ Second, Gordon claims the trial court erred in not setting aside to him the property he acquired before marriage. He states at the time of marriage he had accumulated $11,950 in assets and Diane had a minus net worth of $2,635 due to student loans. Diane believes that Gordon overstates this disparity. Because the couple was married for over sixteen years we ignore this disparity.

Third, Gordon argues Diane should have received a $7,500 promissory note from her brother in the settlement. He states that because of the family relationship it is unlikely he would ever receive any money from the note. Diane also believes the debt is uncollectible. The court properly found this note was uncollectible and deemed it to have no real value; it divided the note equally between the parties. We affirm.

■ IV. Diane requests attorney fees on appeal. An award of attorney fees is not a matter of right, but rests within the court's discretion and the parties' financial positions. *In re Marriage of Kern,* 408 N.W.2d 387, 390 (Iowa App.1987). We are to consider the needs of the party making the request, the ability of the other party to pay, and whether the party making the request was obligated to defend the trial court's decision on appeal. *In re Marriage*

*of Castle,* 312 N.W.2d 147, 150 (Iowa App. 1981). We believe the parties should pay their own attorney fees.

V. In summary, we affirm the trial court on all issues except the duration of alimony. Gordon shall pay alimony of $250 per month to Linda for twenty-four months. We believe the division of property and award of alimony in this case are now equitable.

AFFIRMED AS MODIFIED.