In re the MARRIAGE OF Connie Dee HARBERTS and Bruce E. Harberts.

Upon the Petition of Connie Dee Harberts, Appellee,

And Concerning Bruce E. Harberts, Appellant.

No. 91–1272.

Court of Appeals of Iowa.

Sept. 29, 1992.

Curtis J. Klatt, of Klatt Law Firm, Waterloo, for appellant.

L. Don Snow, of Reed–Merner and Mershon, Snow & Knock, Cedar Falls, for appellee.

DONIELSON, Judge.

Connie and Bruce Harberts married in June 1989 and separated in April 1990. They had lived together before the marriage. They did not have any children.

Connie is forty years old and in good health. She worked throughout the marriage and is now employed as a house parent, earning about $650 gross per month. Connie has filed for bankruptcy.

Bruce is forty-four years old. He received a spinal injury in a work-related accident in March 1989 and has not worked since. He does not anticipate returning to work in the near future. His income is limited to $155 per week in worker's compensation benefits and $25 per week from a woodworking hobby.

Connie received gifts from her mother of $1,000 while the parties were living together before the marriage and $2,300 during the marriage. Both gifts were apparently used to pay joint bills. The parties bought a house before the marriage. Bruce's woodworking shop is in the garage. When the parties separated, Bruce continued to live in the house.

In its dissolution decree, the district court found the house was worth $25,000 and had a mortgage balance of $17,000. It gave Bruce the option of paying Connie $4,000 and becoming the owner of the house, or having the house sold and the net proceeds paid $4,000 to Connie, then $4,000 to him, with any remainder equally divided between Connie and him.

The district court ordered Bruce to pay Connie $2,300 for the gift she received during the marriage. The district court noted Connie had filed for bankruptcy and stated it would have no authority to order her to pay debts. It therefore ordered Bruce to either pay the parties' debts or file for bankruptcy himself to discharge his obligation to pay them. The district court also ordered Bruce to pay the court costs of $100.

Bruce has appealed. He challenges the awards of the $2,300 gift and the $4,000

equity in the house to Connie. He also contends the district court erred in not splitting the $100 court costs.

In this equity action, our review is de novo. Iowa R.App.P. 4. We have a duty to examine the entire record and adjudicate anew rights on the issues properly presented. *In re Marriage of Steenhoek*, 305 N.W.2d 448, 452 (Iowa 1981). We give weight to the fact findings of the trial court, especially when considering the credibility of witnesses, but are not bound by them. Iowa R.App.P. 14(f)(7). On our review, we affirm the district court.

■ I. *$2,300 Gift.* Bruce first contends the district court erred in awarding Connie the $2,300 gift she received during the marriage. He argues the money was commingled with marital assets and therefore should not be set off to Connie.

Iowa Code § 598.21(1) (1991) states "the court shall divide all property, except inherited property or gifts received by one party, equitably between the parties." Iowa Code § 598.21(2) provides an exception "upon a finding that refusal to divide the property is inequitable to the other party or to the children of the marriage."

■ The length of the marriage is an important factor to be considered in determining whether gifts or inheritances should be divided. *In re Marriage of Oler*, 451 N.W.2d 9, 11 (Iowa App.1989). *See also* Iowa Code § 598.21(1)(a) (1991). "[I]f a marriage lasts a very short time, the claim of either party to the property ... acquired by gift or inheritance during the brief duration of the marriage is minimal at best." *In re Marriage of Wallace*, 315 N.W.2d 827, 831 (Iowa App.1981).

■ It should be noted that *In re Marriage of Butler*, 346 N.W.2d 45 (Iowa App. 1984), has been overruled in an opinion filed this month. The intent of the donor and the circumstances of the gift or inheritance control whether the gift or inheritance is to be set off in the dissolution. The form of the acknowledgment, i.e., joint tenancy or tenancy in common, is not controlling. *See In re Marriage of Hoffman,*

No. 91–920, slip op. at 11–12, 493 N.W.2d 84, at 89 (Iowa App.1992).

Bruce and Connie were married for less than one year. This $2,300 gift was deposited in a joint account and used to pay off household bills. Connie testified some of this money was used to make payments on Bruce's truck and on a storage unit. Also, during that year, Connie made payments on their credit cards. The credit cards primarily contained charges for materials and equipment for Bruce's woodworking business and for improvements to the house. It appears many of the purchases benefited Bruce significantly more than Connie.

Based on the short length of the marriage and the purposes for which the money was spent, we find the district court did not err in awarding Connie reimbursement for the gift she received during the marriage.

■ II. *$4,000 Equity in Family Home.* Bruce's next contention is that the district court erred in awarding $4,000 equity in the house to Connie. Specifically, he asserts the value assessed to the house by the court was too high. Bruce had valued the house at $21,000 and Connie had valued it at $25,000. Connie had relied upon a realtor's estimate.

In October or November of 1988, Bruce and Connie purchased the house for $17,500. Since its purchase, Bruce has made considerable improvements to the house. He testified the cost of the supplies in making these improvements was about $11,000. At the time of trial, the mortgage balance owed on the house was about $17,000.

We find the value placed on the house by the trial court, $25,000, to be well within the permissible range of evidence and will not disturb it on appeal. *See In re Marriage of Bare*, 203 N.W.2d 551, 554 (Iowa 1973); *In re Marriage of Griffin*, 356 N.W.2d 606, 608 (Iowa App.1984). Based on the extensive improvements made to the house and the fact that it was purchased two and a half years prior to trial for over

$17,000, we find the district court did not err in awarding $4,000 equity to Connie.

III. *Costs.* Bruce finally contends the district court erred in ordering him to pay all $100 court costs. In an equity action, the trial court has a large amount of discretion in matter of taxing costs, and we will not ordinarily interfere with the trial court's decision. *Neubauer v. Newcomb*, 423 N.W.2d 26, 28 (Iowa App. 1988). Noting that Connie had filed bankruptcy at the time of trial, we find the district court did not err in ordering Bruce to pay the court costs.

The costs of this appeal are taxed to Bruce.

For all reasons stated, we affirm the district court.

AFFIRMED.