**In re the MARRIAGE OF Michael Lynn WERTZ and Susan Marie Wertz.**

**Upon the Petition of Michael Lynn Wertz, Appellant/Cross–Appellee,**

**And Concerning Susan Marie Wertz, Appellee/Cross–Appellant.**

**No. 91–939.**

Court of Appeals of Iowa.

Sept. 29, 1992.

---

Frances L. Gohlke of Carney & Gohlke, Waverly, until her withdrawal, and then Marion L. Beatty of Miller, Pearson, Gloe, Burns, Beatty & Cowie, P.C., Decorah, for appellant.

Ronald K. Noah of Noah & Smith, Charles City, for appellee.

SCHLEGEL, Justice.

Petitioner husband appeals and respondent wife cross-appeals the district court's decree dissolving the parties' marriage. On appeal, the petitioner asserts the trial court erred in: (1) determining the property division and (2) awarding alimony. On cross-appeal the respondent contends her alimony award is inadequate in both amount and duration, and she requests attorney fees on appeal.

Michael and Susan Wertz were married on October 31, 1970. They have two children: Alan, born September 10, 1970, and Thomas, born October 1, 1976. Both parties obtained bachelor's degrees during the marriage; Michael has a degree in business administration, and Susan has a degree in elementary education. Michael has been employed by the Farmers Home Administration (FMHA) since December, 1974 and currently nets approximately $2300 per month. Susan held a variety of full-time and part-time jobs during the marriage, in addition to looking after the parties' home. She now earns approximately $800 net per month from part-time jobs as a survey taker, a cheese shredder, and a substitute teacher. Susan plans to complete further training to augment her degree and her substitute teaching certificate in order to become a full-time teacher.

During the marriage Susan inherited and received as gifts a substantial amount of money, and Michael's parents made substantial loans to the parties. Both Michael and Susan are now thirty-nine years of age.

In its dissolution decree, the district court established a joint custody arrangement, with Susan receiving physical care of Thomas, the remaining minor child. The court directed Michael to pay child support of $530 per month and alimony of $150 per month for thirty-six months. Each party was directed to pay his or her own attorney fees. Michael was awarded furniture, tools, a car, a pickup, a camper, a two-wheel trailer, a horse trailer, a horse, life insurance policies, savings bonds, bank accounts, and his pension. Susan was awarded the parties' house, furniture and appliances, a car, a tractor, a livestock trailer, four horses, a life insurance policy, a certificate of deposit, and bank accounts.

In addition, the parties were to equally divide an insurance settlement for the death of a horse, horse equipment, and the proceeds from the sale of hog equipment. Michael was to pay the debts to his parents and thirteen other debts, and Susan was to pay twelve debts; the parties were each to pay half of another debt.

Michael has appealed and Susan has cross-appealed the dissolution decree. Our scope of review is de novo. Iowa R.App.P. 4.

▮ Initially, Michael contends the district court's property division is inequitable. The partners in a marriage are "entitled to a just and equitable share of the property accumulated through their joint efforts". *In re Marriage of Havran*, 406 N.W.2d 450, 452 (Iowa App.1987). The distribution of the parties' property should be equitable under the circumstances after consideration of the criteria codified in Iowa Code section 598.21(1). *In re Marriage of Estlund*, 344 N.W.2d 276, 280 (Iowa App. 1983). After carefully examining the record in light of these factors, we conclude the district court's property division was equitable and fair.

▮ During the course of the marriage, Susan inherited cash distributions totaling $72,673.95, insurance proceeds totaling $1,217.36, and a tractor valued at approximately $800. Directly from her inheritance, Susan paid $9000 on debts owed to Michael's parents and $22,000 to reduce the mortgage indebtedness on the parties' house. Section 598.21(2) (1991) of the Iowa Code provides:

2. Property inherited by either party or gifts received by either party prior to or during the course of the marriage is the property of that party and is not subject to a property division under this section except upon a finding that refusal to divide the property is inequitable to the other party or to the children of the marriage.

The trial court properly evaluated Susan's inheritance when dividing the parties' property. We find nothing in the trial court's decree, nor do we find anything in the record to justify a conclusion that "refusal to divide the property is inequitable to the other party or to the children of the marriage." This is particularly true since Michael was awarded the entire $27,739 value of his FMHA pension.

In *In re Marriage of Butler*, 346 N.W.2d 45 (Iowa App.1984), we held that "the separate property of one spouse is transformed

into marital property when it is placed in some form of joint ownership." *Id.* at 47. We applied the *Butler* holding in *In re Marriage of Havran,* 406 N.W.2d 450 (Iowa App.1987), and concluded an automobile which was given as a gift to one party and later placed in joint ownership constituted a marital asset. Citing *Butler* and *Havran,* Michael contends Susan's inheritance money constitutes marital property since the money was commingled with other marital property in the parties' joint checking and savings accounts.

■ Our holding in *Butler* is contrary to Iowa Code section 598.21(2) (1991). When either party inherits property or receives gifts prior to or during the marriage, the controlling factors in determining whether the property constitutes marital property for purposes of dividing the property at dissolution include: (1) the intent of the donor and (2) the circumstances surrounding the inheritance or gift. Whether the inheritances or gifts were placed in joint ownership is not controlling. To the extent *Butler* and *Havran* conflict with this view, *Butler* and *Havran* are hereby overruled. *See In re Marriage of Hoffman,* 493 N.W.2d 84, 89 (Iowa App.1992).

■ Michael also claims the trial court erred in awarding Susan $150 per month for thirty-six months as transitional alimony assistance. He argues Susan is not entitled to any alimony award. Conversely, Susan contends that her alimony award was insufficient; she requests alimony in the amount of $400 per month for five years. When determining the appropriateness of alimony, the court must consider "(1) the earning capacity of each party, and (2) present standards of living and ability to pay balanced against relative needs of the other." *In re Marriage of Estlund,* 344 N.W.2d 276, 281 (Iowa App.1983) (citation omitted). Alimony is an allowance to the former spouse in lieu of a legal obligation to support that person. *See In re Marriage of Hitchcock,* 309 N.W.2d 432, 437 (Iowa 1981). Alimony is not an absolute right; an award depends upon the circumstances of each particular case. *In re Marriage of Fleener,* 247 N.W.2d 219, 220 (Iowa 1976). The discretionary award of alimony is made after considering those factors listed in Iowa Code section 598.-21(3). *See In re Marriage of Hayne,* 334 N.W.2d 347 (Iowa App.1983).

■ Having thoughtfully applied these principles to the circumstances of this case, we affirm the district court's award of alimony. Susan has a teaching degree and a renewed interest in pursuing a career as a teacher. Because her teaching accreditation has lapsed, Susan is not qualified to obtain a full-time teaching position at this time. The record indicates, however, that with the additional training necessary to update her teaching certificate, Susan is capable of becoming self-supporting at a standard of living reasonably comparable to that enjoyed during the marriage.

■ Finally, Susan requests attorney fees on appeal. An award of attorney fees is not a matter of right, but rests within the court's discretion and the parties' financial positions. *In re Marriage of Kern,* 408 N.W.2d 387, 390 (Iowa App. 1987). We are to consider the needs of the party making the request, the ability of the other party to pay, and whether the party making the request was obligated to defend the trial court's decision on appeal. *In re Marriage of Castle,* 312 N.W.2d 147, 150 (Iowa App.1981). We deny Susan's request for appellate attorney fees in this case. Costs are assessed half to each party.

AFFIRMED.