## In re the MARRIAGE OF Mary Beth HIGGINS and Dennis M. Higgins.

Upon the Petition of Mary Beth Higgins, Appellee,

And Concerning Dennis M. Higgins, Appellant.

No. 93–65.

Court of Appeals of Iowa.

Sept. 2, 1993.

Richard N. Tompkins, Jr., Mason City, for appellant.

Donald E. Esser of Finley, Teas & Esser, Mason City, for appellee.

Considered by DONIELSON, P.J., and HAYDEN and HABHAB, JJ.

HAYDEN, Judge.

Dennis and Mary Beth Higgins were married on May 15, 1982. The parties have three minor children: Lindsay, born October 11, 1982; Jessica, born April 11, 1985; and Daniel, born July 21, 1986. Mary filed a petition for dissolution of marriage on August 26, 1991. After a hearing, the district court awarded temporary custody of the children to Mary.

Dennis was thirty-eight years old at the time of the dissolution hearing. He has a B.A. in broadcast journalism and has worked full-time for KIMT–TV since November 1980. Dennis earns an annual gross income of $19,117. He also is the sole owner of a

sound and amplification business. Dennis has been involved in this business since 1978. In 1991 Dennis's business yielded a net income of $2639.

Mary was thirty-one years old at the time of the dissolution hearing. She has an A.A. degree. Mary worked part-time at Mercy Hospital from 1983 to 1987. She has worked full-time in the accounting department of a hospital since 1987. Her current annual gross income is $19,219. For almost a year Mary has worked part-time as a realtor. In 1991 her gross commissions totaled $4321.53.

In June 1986 the parties purchased on contract a home located in Mason City. The contract balance on the real estate and home equals $20,978. Both parties indicated the fair market value of the property is $38,000.

In June 1989 Dennis inherited $29,775 from his aunt. Dennis placed $6388.82 of the inherited funds in Mary's credit union account. The account was in Mary's name only. Dennis testified $11,000 of the inheritance funds was used to make improvements on the marital home.

On October 5, 1992, the district court entered a decree dissolving the parties' marriage. The district court found Mary had been the primary caretaker of the children. The court awarded primary physical care of the children to Mary. The court ordered Dennis to pay $506 per month in child support.

The court also distributed the parties' property. The court found the fair market value of the parties' homestead equaled $38,000. After subtracting the contract balance of $20,978, the parties' equity in the home was $17,022. The court found, however, $11,000 of the home's value was traceable to improvements made with Dennis's inheritance funds. The court calculated the resulting net equity to be $6022 and awarded this amount to Dennis. Finally, the court determined the $6388.82 of Dennis's inheritance became a marital asset when the parties deposited the funds in Mary's credit union account.

Dennis appeals.

Our scope of review is de novo. Iowa R.App.P. 4.

I. *Custody*. Dennis contends the district court erred in awarding custody of the children to Mary. Our first and foremost consideration in determining custody is the best interests of the children involved. *In re Marriage of Weidner*, 338 N.W.2d 351, 356 (Iowa 1983); *In re Marriage of Smith*, 471 N.W.2d 70, 72 (Iowa App.1991) (citation omitted); Iowa R.App.P. 14(f)(15).

Both parents appear to be dedicated to their children; however, upon review of the evidence, we find the district court correctly decided the custody issue. The district court had the opportunity to judge the credibility of the witnesses. Although we are not bound by the fact findings of the district court, we give them weight, especially when considering the credibility of witnesses. *In re Marriage of Brown*, 487 N.W.2d 331, 332 (Iowa 1992); Iowa R.App.P. 14(f)(7). We find no valid reason to disturb the district court's decision. The placement of the children in Mary's custody is in their long-term best interests. We affirm on this issue.

II. *Property Distribution.* Dennis argues (1) the fair market value of the marital home is only $30,000, and (2) the inheritance funds of $6388.82 were not a marital asset.

■ In his affidavit of financial status, Dennis stated the fair market value of the property was $38,000. Dennis confirmed this value in his answers to interrogatories. The property was purchased on contract in 1986 for $25,000. Dennis testified he made $11,000 worth of improvements to the property. The value of the property determined by the district court was well within the permissible range of the evidence, and we will not disturb it on appeal. *See In re Marriage of Alexander*, 478 N.W.2d 420, 422 (Iowa App.1991). We determine the district court correctly valued the property. We affirm on this issue.

■ Dennis also contests the district court's determination a portion of his inheritance constituted a marital asset. The district court determined the $6388.82 of Dennis's inheritance which was placed in Mary's credit union account was a marital asset. We disagree. Iowa Code section 598.21(2)

provides inheritances are to be retained in the dissolution by the recipient, absent a finding of inequity. Iowa Code § 598.21(2) (1993); *In re Marriage of Van Brocklin,* 468 N.W.2d 40, 44 (Iowa App.1991). The intent of the donor and the circumstances surrounding the inheritance control whether the inheritance is to be set off in the dissolution. *In re Marriage of Hoffman,* 493 N.W.2d 84, 89 (Iowa App.1992). The placement of the inheritance in joint ownership is not controlling. *Id.; In re Marriage of Wertz,* 492 N.W.2d 711, 714 (Iowa App.1992).

The parties agreed to deposit this portion of the inheritance into Mary's credit union account so the funds could accrue interest. Dennis agreed to withdrawals from this account of only $800 and $480 for payment on a Mastercard bill and tickets to Hawaii respectively. The deposit of this portion of Dennis's inheritance into Mary's credit union account does not deem the funds a marital asset subject to division. *See Hoffman,* 493 N.W.2d 84; *Wertz,* 492 N.W.2d 711.

We reverse this aspect of the decision of the district court. Dennis's inheritance of $6388.82, minus the withdrawals of $800 and $480, amounts to $5108.82. We hold this resulting amount shall be awarded to Dennis. The award of this portion of his inheritance is equitable. We remand for the district court to enter a judgment in accordance with this opinion.

III. *Attorney Fees.* Mary requests attorney fees on appeal. An award of attorney fees is not a matter of right, but rests within the court's discretion and the parties' financial positions. *In re Marriage of Kern,* 408 N.W.2d 387, 390 (Iowa App. 1987). We are to consider the needs of the party making the request, the ability of the other party to pay, and whether the party making the request was obligated to defend the trial court's decision on appeal. *In re Marriage of Castle,* 312 N.W.2d 147, 150 (Iowa App.1981).

We determine Dennis shall pay $1000 toward Mary's appellate attorney fees.

Costs of this appeal are taxed to Dennis.

**AFFIRMED IN PART; REVERSED IN PART AND REMANDED.**

HABHAB, J., concurs.

DONIELSON, P.J., dissents.

DONIELSON, Presiding Judge (dissenting).

I respectfully dissent. Iowa Code section 598.21(2) (1993) states:

Property inherited by either party or gifts received by either party prior to or during the course of the marriage is the property of that party and is not subject to a property division under this section except upon a finding that refusal to divide the property is inequitable to the other party or to the children of the marriage.

*Id.; In re Marriage of Van Brocklin,* 468 N.W.2d 40, 44 (Iowa App.1991).

The district court correctly set aside to Dennis "those assets that still exist and [are] readily identifiable from inheritance proceeds" before dividing marital property. The court also determined, pursuant to Iowa Code section 598.21(1) that, under the circumstances of this case, "a near equal division of the assets is appropriate." The court then divided the assets allotting $34,789 to Mary and $34,844 to Dennis. Included in the $69,633 to be divided were Mary's bank accounts of $1,684.

We have held that placement of an inheritance in joint ownership does not convert it to a marital asset subject to division at dissolution. *In re Marriage of Hoffman,* 493 N.W.2d 84, 89 (Iowa App.1992); *In re Marriage of Wertz,* 492 N.W.2d 711, 714 (Iowa App.1992). The inherited funds in question in this case, however, were not placed in joint ownership. They were placed in Mary's sole ownership and control. Dennis did not have access to her account. Mary spent some of the money for family expenses. She also spent some to buy bedroom furniture for the children after the separation. She also spent money from this account for legal fees necessitated by the dissolution. The district court correctly determined that the money in Mary's account was a marital asset subject to division.

I believe it would be inequitable to adjust the property division as the majority requires. The division ordered by the district court is nearly equal. Awarding Dennis the $5108.82 attributable to the portion of his inheritance he placed in Mary's sole account is inequitable in this case and infeasible considering the marital assets available for division. I would affirm the district court's division.