In re the MARRIAGE OF Cynthia
S. VANDERPOL and Gary E.
Vanderpol.

Upon the Petition of Cynthia
S. Vanderpol, Appellant,

And Concerning Gary E. Vanderpol,
Appellee.

No. 93–1658.

Court of Appeals of Iowa.

Dec. 14, 1994.

# 604

Thomas J. Levis and Mark R. Schuling of Brick, Gentry, Bowers, Swartz, Stoltze, Schuling & Levis, P.C., Des Moines, for appellant.

Stephen Meyer of the Meyer Law Firm, Chariton, for appellee.

Considered by DONIELSON, C.J., HAYDEN, J., and KEEFE, Senior Judge.*

HAYDEN, Judge.

Gary and Cynthia Vanderpol were married on May 21, 1971. They have two children, Meka, born January 1, 1974, and Gavin, born July 10, 1977. At the time of trial, Cynthia was forty-three years of age and was a high school graduate. She has been a bookkeeper at the Hawkeye Bank in Chariton since 1969, although her position was to be terminated in March 1994. Cynthia earned $16,897 in 1992. She is generally in good health, although she has received treatment and medication for depression. Gary was forty-five years of age and had attended two and one-half years of college. Gary has worked at V & M Sales Company since 1968. Gary earned $72,188 in 1992.

During the marriage the parties obtained a residence with a value of $72,000, on which there is a $47,000 mortgage. They also owned a 1989 Chevrolet, valued at $10,000, on which there is a $9000 loan. Cynthia had over $44,000 in retirement accounts, while Gary had over $38,000. The parties had

* Senior judge from the 1st Judicial District serving on this court by order of the Iowa Supreme

$173,940, in assets and $62,507 in liabilities, for a total net worth of $111,433.

During the marriage, Gary's mother made him a gift of thirty-two shares of stock in V & M Sales, with a book value of $92,730. The book value of the company at the time of trial was $289,784. Sales were over $2 million per year.

Cynthia filed a petition for dissolution on December 2, 1992. Following trial, the district court concluded that because the parties had been married a long time, the marital assets should be divided in equal shares of $55,496. However, to equalize the marital assets, the district court ordered Cynthia to pay Gary $20,000 at a rate of $350 per month commencing January 1, 1996, and monthly thereafter until the amount is paid. For purposes of child support, the court found Gary's net monthly income to be $4000 per month. The district court ordered that pursuant to the child support guidelines, Gary should pay twenty-two percent of his net monthly income of $4000, or $675 per month. Cynthia was awarded primary physical care of the children. The district court also ordered Gary to pay Cynthia alimony in the amount of $500 per month for a period of three years.

Cynthia Vanderpol appeals from the economic provisions of the district court's decree dissolving her marriage to Gary Vanderpol. She contends the decree is in error in (1) awarding an insufficient amount of child support; (2) the division of marital property; (3) requiring her to pay $20,000 as part of the marital property division; and (4) failing to award her permanent alimony. Cynthia also requests an award for appellate attorney fees. After setting forth our scope of review, we will discuss each issue in turn.

## I. *Scope of Review.*

Our review of this case is de novo. Iowa R.App.P. 4; *In re Marriage of Friedman*, 466 N.W.2d 689, 691 (Iowa 1991). We apply this standard to the economic provisions of the decree as well as to the spousal support provisions. *Zinger v. Zinger*, 243

Court.

N.W.2d 639, 640 (Iowa 1976). In equity cases, especially as to the credibility of witnesses, we give weight to the fact findings of the district court but are not bound by them. Iowa R.App.P. 14(f)(7).

## II.  *Child Support.*

■  Cynthia asserts the district court erred in determining the amount of child support. We disagree.

The evidence shows Cynthia's annual income from Hawkeye Bank to be in excess of $16,000. She intended to live with her fiance and find employment in Newton. We should impute to her, for child support purposes, yearly income from employment of at least $16,000.

The district court's order for child support is within the child support guidelines for a parent with a net monthly income of over $3000.

> In this range the appropriate figure is deemed to be within the sound discretion of the court or the agency fixing support by administrative order. The amount of support payable by a non-custodial parent with a monthly net income of $3001 or more shall be no less than the dollar amount as provided in the guidelines for non-custodial parent with a monthly net income of $3000.

*In re Marriage of Lalone,* 469 N.W.2d 695, 696 (Iowa 1991).

We determine the district court did not abuse its discretion in establishing the amount of child support for Gary to pay. Gary was also ordered to maintain medical and life insurance on the parties' son Gavin, age seventeen, at the time of trial. The district court is affirmed on this issue.

## III.  *Marital Assets.*

■  Next we consider whether the district court properly divided the marital assets. The court found thirty-two shares of his employer V & M Sales Co. stock was a gift from his mother and not a marital asset.

> When either party inherits property or receives gifts prior to or during the marriage, the controlling factors in determining whether the property constitutes marital property for purposes of dividing the property at dissolution include: (1) the intent of the donor and (2) the circumstances surrounding the inheritance or gift.

*In re Marriage of Wertz,* 492 N.W.2d 711, 714 (Iowa App.1992). An examination of appropriate factors leads us to the conclusion the district court was correct.

Gary's mother testified she and Gary's father wanted Gary to have the company after she was gone. Also she stated at trial her transfer of the thirty-two shares to her son was meant to be a gift. She did not intend to make any gift to Cynthia.

The source of the asset was Gary's parents. His mother made the gifts in a manner which complies with the gift tax laws. The gifts of the shares were intended to be the respondent's inheritance of his parents' estate. Under this circumstance, the asset should be set aside to the respondent.

We determine Cynthia has not sufficiently shown a failure to include these thirty-two shares of stock as marital property for division between the parties is inequitable to her. They are clearly a gift to Gary by his parents. They should first be set aside to Gary and not be included as part of the parties' marital estate. *In re Marriage of Steele,* 502 N.W.2d 18, 20 (Iowa App.1993); *In re Marriage of Sparks,* 323 N.W.2d 264, 267 (Iowa App.1982). The district court is affirmed on this issue.

## IV.  *Payment as Part of Marital Property Division.*

■  Cynthia contends she is unable to pay Gary the $20,000 which the district court ordered her to pay for respondent's partial share of the marital assets. The district court awarded Cynthia $75,260 in net martial assets and awarded Gary $36,173. In order to equalize the division, the district court ordered Cynthia to pay Gary the sum of $20,000. The sum is payable in monthly installments of $350 commencing January 1, 1996, at no interest.

The district court found, in light of the length of the marriage and the parties' lack of property at its onset, a roughly equal

division would be fair and equitable. Consequently, the district court awarded Cynthia a substantially greater portion of the parties' marital assets but ordered her to pay $20,000 to equalize the division. We hold this is equitable under these circumstances.

### V. *Permanent Alimony.*

■ The district court awarded Cynthia alimony in the amount of $500 per month for a period of three years. Cynthia argues the district court should have awarded her permanent alimony.

■■ Alimony is not an absolute right; an award depends upon the circumstances of each particular case. *In re Marriage of Fleener,* 247 N.W.2d 219, 220 (Iowa 1976). The focus of the determination of spousal support is the need of the payee spouse and the ability of the payor spouse to pay. *In re Marriage of Jones,* 309 N.W.2d 457, 460 (Iowa 1981).

Cynthia has no need for permanent support. She has substantial experience in banking. She is in good health with no special need for support. The oldest child, Meka, has at least temporarily ended her education and intends to move to Newton, live with her fiance, and find employment. The younger child, Gavin, is seventeen and a junior in high school.

The district court did not err in limiting the award of alimony to three years. The alimony will provide Cynthia an opportunity to secure a new job. The district court ruling is affirmed.

### VI. *Attorney Fees.*

■ Finally, as to attorney fees on appeal, an award may be granted depending on the parties' respective abilities to pay. *In re Marriage of Kern,* 408 N.W.2d 387, 390 (Iowa App.1987). Cynthia was required to raise issues on appeal she felt were unfair. We therefore order Gary to pay $500 toward her appellate attorney fees. Costs of the appeal are taxed to Gary.

We determine any other issues the parties may have raised are either covered by this opinion or are without merit. Judgment of the district court affirmed.

**AFFIRMED.**

DONIELSON, C.J., concurs.

KEEFE, Senior Judge, dissents without opinion.