In re the MARRIAGE OF Beth S. LIEBERMAN and Steven S. Lieberman.

Upon the Petition of Beth S. Kreider, f/k/a Beth S. Lieberman, Petitioner–Appellant,

And Concerning Steven S. Lieberman, Respondent–Appellee.

No. 87–1388.

Court of Appeals of Iowa.

May 31, 1988.

C.W. Carlberg, Des Moines, for petitioner-appellant.

Larry M. Blumberg, Des Moines, for respondent-appellee.

Considered by HAYDEN, P.J., and SACKETT and HABHAB, JJ.

SACKETT, Judge.

We address the issue of a divorced parent's responsibility for post-high school educational expenses for an unmarried child more than eighteen years of age but less than twenty-two years of age where the child is a beneficiary of a trust that provides for the child's educational expenses.

The marriage of Petitioner–Appellant Beth S. Kreider and Respondent–Appellee Steven S. Lieberman was dissolved in 1980. Custody of Tonya, born in 1967, and John, born in 1969, was awarded to Beth. Steven was ordered to pay child support of $60 per week per child. The decree provided the district court retain jurisdiction to set additional support for college. In February 1986, Beth filed a petition for modification contending Tonya just became eighteen, had enrolled at the University of Northern Iowa in August 1985, and needed support.

The matter came on for trial in August 1987. The trial court ordered Steven to pay $50 per month for nine months a year as long as Tonya was a college student or under age twenty-two. He was also ordered to pay $900 or $450 a year for two years for college she had completed prior to trial. Beth appeals contending the award should have been larger.

Beth and Steven each have a net worth of less than $3,000 and gross wages of $1,200 per month. Tonya is the beneficiary of a trust established by her maternal grandfather to provide for her college expenses. It has paid all her college expenses except for $50 a month contributed by Beth and the contribution from Tonya's own earnings. Tonya has attended the University of Northern Iowa for two years. The evidence is the trust can continue to pay Tonya's college expenses.

Beth's argument is Steven has an automatic obligation to provide for Tonya's college education. She also argues the fact the trust can provide for Tonya's education should not relieve Steven from making a substantial contribution to Tonya's college expenses. We disagree.

Tonya has reached her majority. Absent the provision of Iowa Code section 598.1(2), her father would have no obligation to contribute to her support. Section 598.1(2) imposes an obligation on divorced parents toward their adult offspring to support them while they are attending college. No corresponding statutory obligation is imposed on married parents of adult students. *In re Marriage of Byall*, 353 N.W.2d 103, 107 (Iowa App.1984). However, the statute does not require support in all cases. Rather, it allows the trial court in its discretion to award support of the children through college under the proper circumstances. *In re Marriage of Vrban*, 293 N.W.2d 198, 203 (Iowa 1980); *Byall*, 353 N.W.2d at 107. The duty can extend to both parents. *Sandler v. Sandler*, 165 N.W.2d 799, 802 (Iowa 1969). Factors to be considered are:

1. The ability of the child for college work.
2. The age of the child.
3. The financial condition of the parents.
4. Whether the child is self-sustaining or not.

*Vrban*, 293 N.W.2d at 203; *Byall*, 353 N.W.2d at 107.

■ Tonya is able to and has done college work. She has the ability for college work. She is unmarried and under the age of twenty-two years. The issues are (1) do her parents have resources to help her, and (2) is she self-sustaining. Her parents have assets and income sufficient to meet their own needs. Parents have an obligation to provide for their children's higher education as their financial condition will permit. *Sandler*, 165 N.W.2d at 802. A parent able to do so may be required to bear the expenses of a college education for a child evincing an aptitude therefor. *Gerk v. Gerk*, 259 Iowa 293, 300, 144 N.W.2d 104, 109 (1966). What is reasonable must be determined by examining the parents' financial resources and the child's educational needs. *In re Marriage of Frink*, 409 N.W.2d 477, 481 (Iowa App. 1987). Parents' ability to pay is a factor in assessing educational expenses. *See Pick-*

*man v. Pickman*, 6 Conn.App. 271, 505 A.2d 4, 6 (1986); *In re Marriage of Dwan*, 108 Ill.App.3d 808, 64 Ill.Dec. 340, 343, 439 N.E.2d 1005, 1008 (1982). An order for educational expenses should not be for more than the parents can afford to pay. *In re Support of Pearson*, 111 Ill.2d 545, 96 Ill.Dec. 69, 72–73, 490 N.E.2d 1274, 1277–78 (1986). Steven has a minimal ability to contribute.

■ Is Tonya self-sustaining? Tonya is receiving income from the trust established for her benefit to meet her financial needs while in college. Income from trusts is clearly relevant on the issue of support. *See In re Marriage of Meredith*, 394 N.W.2d 336, 339 (Iowa 1986). The issue of using a minor child's trust funds for his or her support was addressed in *In re Marriage of Hoak*, 364 N.W.2d 185, 190–91 (Iowa 1985). In *Hoak* the court imposed support obligations on the noncustodial parents of minor children despite the existence of trust funds which would provide for their support. The court there determined the parent had significant assets and income to support his children, and the children's financial position should not be altered because their parents have dissolved their marriage. The court said if the dissolution had not occurred, the children would have continued to be supported by their parents, and the gifted assets would not have been used for their support. *Hoak* is inapplicable. Tonya is not a minor. Had her parents remained married, they would have owed her no duty of support. The parents' income is sufficient only to meet their own needs.

We determine the amount of Tonya's trust income must be considered in assessing her needs. We find support for this holding in other jurisdictions. In *In re Marriage of Bentivenga*, 109 Ill.App.3d 967, 65 Ill.Dec. 423, 428, 441 N.E.2d 336, 341 (1982) (the court considered children's resources in determining the need for support); *Devergilius v. Devergilius*, 329 Pa. Super. 434, 478 A.2d 866, 868 (1984) (court determined father would not be ordered to support a child who attends college unless he has sufficient estate, earning capacity or income to pay the order, and the children's college expenses were being paid by

income from a trust created by their maternal grandmother).

One other issue remains. The trust established by the maternal grandfather is able to make sufficient payments to allow Tonya to complete her education at University of Northern Iowa. We recognize Tonya may be intent on transferring to Arizona State University where costs will be higher. Because of the refusal to divulge complete information about the trust assets we assume, but are not certain, the trust can pay the costs at Arizona State. When parties are of limited financial means there is no need to obligate parents for college expenses beyond those of attending a state-supported university in the state of the student's residence. *See Frink*, 409 N.W. 2d at 481. Tonya can receive an excellent and adequate education at the University of Northern Iowa or the other public universities in Iowa. There are no factors in this record to support a finding she needs to attend school in another state. *Id. See also Pearson*, 96 Ill.Dec. at 72, 490 N.E.2d at 1277 (Illinois court determined the child's access to a less expensive public institution is a factor to be considered).

We therefore determine the trial court has not abused its discretion.

AFFIRMED.