In re the MARRIAGE OF Michael
Dean BOEHLJE and Mary
Jean Boehlje.

Upon the Petition of Michael Dean
Boehlje, Petitioner–Appellant,

And Concerning Mary Jean Boehlje,
Respondent–Appellee.

No. 88–429.

Court of Appeals of Iowa.

April 25, 1989.

Jere C. Maddux of Newbrough, Johnston, Brewer, Maddux & Nadler, Ames, for petitioner-appellant.

Roger J. Hudson and Steven H. Shindler of Wimer, Hudson, Flynn & Neugent, P.C., Des Moines, for respondent-appellee.

Considered by OXBERGER, C.J., and DONIELSON and SACKETT, JJ.

OXBERGER, Chief Judge.

Michael Boehlje appeals various economic provisions of his dissolution decree. Our review is de novo. We affirm as modified and remand.

Michael and Mary Boehlje were married in 1969. They have two children, boys born in 1971 and 1975. The dissolution decree placed the children in joint legal custody and in Mary's physical care.

Michael was 44 at the time of trial and holds a Ph.D. in economics and has been an economics professor throughout much of the marriage. Much of his career was spent at Iowa State University, but in 1986 he became a professor and department head at the University of Minnesota. His salary at Minnesota is $82,800 per year. He also earns between $20,000 and $30,000 in consulting fees and book royalties.

Mary was 43 at trial. She holds a bachelor's degree but did not work outside of the home during most of the marriage. After the parties' separation, she obtained a job in a travel agency earning minimal income. She is currently attending Iowa State University to obtain her teaching certificate. She expects to receive her certificate in the spring of 1989.

During the marriage the parties accumulated substantial assets. Some of these assets derived from Michael's earnings. Both parties received substantial inheritances and gifts from relatives during the marriage. At trial the parties' total assets were over a million dollars. The dissolution decree awarded each party net assets of $313,226. In addition, the decree set aside to each party various inheritances or gifts.

As a part of the property distribution, Michael was directed to transfer about $145,000 of his retirement benefits to Mary. Michael was directed to pay child support in the amount of $1,250 per child per month. He was also directed to pay college expenses if his children attend college. Michael was directed to pay alimony of $1,500 per month until Mary's death or remarriage. He was also directed to contribute $5,000 toward Mary's educational expenses and $2,500 toward her legal fees. Finally, Michael was directed to maintain life insurance on his life in a total amount of $500,000. Of this amount, $200,000 is payable to Mary and $300,000 to trust for the benefit of the children.

## I. INHERITED PROPERTY

■ Michael contends that a $120,000 inheritance received by Mary during the marriage should not have been set aside to Mary, but instead should have been treated as marital property subject to division. He argues that he should share in this money because he was responsible during the marriage for the investment, management, and

growth of this money. Michael also acquired gifted property during the course of the marriage. The trial court did not divide any of the inherited or gifted property. Iowa Code section 598.21(2) provides:

Property inherited by either party or gifts received by either party prior to or during the course of the marriage is the property of that party and is not subject to a property division under this section except upon a finding that refusal to divide the property is inequitable to the other party or to the children of the marriage.

The trial court did not make a finding of inequitability. We agree with the trial court's treatment of inherited and gifted property in this case. Michael never acquired an interest in Mary's inheritance. His investment activity was a courtesy service expected to be given by a marriage partner without acquiring a right of co-ownership.

## II. PROPERTY DIVISION

Michael also contends he should be awarded a larger share of the marital property because of his larger contribution to the marital assets. He contends the division of property should be modified to take into account a $16,000 income tax obligation which Michael must pay. Mary concedes this point in her brief. We modify the division to require Mary to pay $8,000 of the income tax obligation.

■ A justifiable property division is one that is equitable under the circumstances. *Locke v. Locke*, 246 N.W.2d 246, 251 (Iowa 1976); *In re Marriage of Stewart*, 356 N.W.2d 611, 612 (Iowa App.1984).

We find the trial court's property division is otherwise equitable.

## III. ALIMONY

Michael contends that his alimony obligation is excessive and that he should not be required to contribute toward Mary's educational expenses. The trial court ordered alimony in the amount of $1,500 per month to terminate upon death or remarriage. The decree also made provisions for educational expenses of up to $5,000 of Mary's to be paid by Michael.

■ When determining the appropriateness of alimony, the court must consider (1) the earning capacity of each party, and (2) their present standards of living and ability to pay balanced against their relative needs. *In re Marriage of Estlund*, 344 N.W.2d 276, 281 (Iowa App.1983). Alimony is an allowance to the ex-spouse in lieu of a legal obligation to support that person. *See In re Marriage of Hitchcock*, 309 N.W.2d 432 (Iowa 1981). In particular, we find *In re Marriage of Dahl*, 418 N.W.2d 358 (Iowa App.1987) substantially similar to the case at bar.

Mary, age forty-four, has a bachelor's degree in English from Iowa State University. She worked as a secretary for a short period of time during the marriage. After the birth of Todd, the parties decided that Mary would stay home with the children. When the parties separated in October 1985, Mary had been employed in a travel agency. Mary is currently attending Iowa State University in order to obtain her teaching certificate.

Mary said that $3,546.03 was the amount she needed for expenses for her and the two children. Child support was ordered in the amount of $2,500 per month. Alimony of $1,000 would equal the expenses Mary said was necessary. Additionally, she will have approximately $18,000 investment income annually.

The trial court ordered life-time alimony. The trial court awarded Mary $145,077 of Michael's retirement funds. Mary at forty-four has at least twenty years available to add to her retirement funds. We find her retirement is adequately provided for.

We address Mary's need for permanent alimony. Mary received $313,226, minus a $8,000 tax obligation, in the property division. The home, with a $15,000 mortgage balance, was valued at $95,000. Included in the property division were life insurance valued at $1,727 and $157,077 in retirement funds, in addition to cash, household goods and jewelry. Thus, Mary has $51,442 in liquid assets to generate investment income. She has an inheritance of $155,136,

giving her a total of $206,558 to invest. She should be able to generate $18,000 annually from her investments.

■ During the marriage the parties agreed that Mary should remain at home to raise their children. The youngest child will graduate from high school in June 1993. We find that Mary should have the option to remain at home to raise the parties' children. However, we find that Mary will have a minimum of $18,000 in investment income plus $18,000 in teaching income after 1993. We modify the trial court decree to provide Mary with alimony at $1,000 per month until June 1993 or until her death, whichever first occurs. The alimony shall not cease in the event of her remarriage prior to June 1993. We affirm the education expense award.

## IV. CHILD SUPPORT AND COLLEGE EXPENSES

The trial court ordered child support in the amount of $1,250 per month per child, subject to a cost of living adjustment to continue until a maximum of age 22. Michael contends the award is excessive. In addition, he contends his obligation to pay all the children's college expenses should be reconsidered in light of the fact that the children have financial assets of their own for that specific purpose. These assets are a result of gifts made from Michael's parents to the children as well as gifts from Michael and Mary for the children.

The children in this case have substantial assets in their own names. These assets primarily consist of gifted stock from Michael's parents in Waldel Ltd. The value of the stock at trial was $145,543.00 for Todd and $86,096.00 for Darren. The children also have gifts from their parents under the Uniform Gift to Minors Act. Todd has $43,000.00 and Darren has $38,000.00.

■ When determining questions of appropriateness and amount of child support, we consider the factors enumerated in section 598.21(4) of the Iowa Code. The financial resources of the children are a factor. When the parents have significant assets and income to support their children, gifts to minors should not be used to provide day-to-day support in the absence of contrary intent by the donor or other factors indicating that use for support is proper. *In re Marriage of Hoak*, 364 N.W.2d 185, 191 (Iowa 1985). Upon our de novo review of the child support, we find no reason to modify the trial court award.

■ We turn next to the college expenses. The trial court has placed with Michael the responsibility to pay all the college expenses of each child. Section 598.1(2) defines "support" to include support for a child who is between the ages of eighteen and twenty-two who is a full-time student in a college or University. Iowa Code § 598.1(2) (1987). While the children's assets were not designed to be used for day-to-day expenses, the record reveals that the assets given to Todd and Darren from their parents under the Uniform Gift to Minors Act were specifically set up to pay for college expenses. Mary concedes this point in her brief.

In light of these facts we find that it is inappropriate to hold Michael fully responsible for the children's college expenses. These expenses are to be paid out of the fund under the Uniform Gift to Minors Act which was established for that purpose. If those assets should be insufficient to meet the educational expenses of the children as outlined by the decree, Michael shall be responsible for 80% of the college expenses and Mary shall be responsible for 20%. The amount of board, room, and tuition expenses for college shall be limited as provided by the trial court to Board of Regent's Universities of Iowa expenses.

## V. RETIREMENT BENEFITS

The decree ordered a transfer of $145,077 of retirement benefits from Michael to Mary. Michael does not challenge the amount of the retirement fund transfer. He contends that the decree should have been drafted to meet the requirements of a qualified order under 26 U.S.C. § 414(p). Mary concedes this point in her brief. We remand to the trial court to enter a qualified order.

## VI.  LIFE INSURANCE

Michael also challenges the size of the life insurance policies he must maintain to protect the financial security of Mary and the children.  Michael is required to keep $300,000 worth of life insurance, naming a trust beneficiary for the benefit of the children to secure child support and college expenses for as long as his child support obligation is in place.  He is required to keep $200,000 worth of life insurance with Mary named as beneficiary as security for his alimony obligation.  The justification for ordering life insurance is to guarantee the obligation imposed by the decree.  We remand to the trial court to limit the insurance to such an amount with the children as beneficiaries for child support obligations and Mary beneficiary for the alimony obligation.  We find no authority to order distribution after death of a decedent assets after death because of a dissolution of marriage.

## VII.  ATTORNEY FEES

Mary requests attorney fees and costs on appeal.  Attorney fees are not recoverable as a matter of right but rest within the discretion of the court and depend upon one spouse's financial needs and the other spouse's ability to satisfy them.  *See In re Marriage of Orgren*, 375 N.W.2d 710, 714 (Iowa App.1985).  The parties shall pay their own attorney fees.  Costs on appeal are assessed at one-half to each party.

AFFIRMED AS MODIFIED AND REMANDED.