**In re the MARRIAGE OF Juanita V. BAKER and David M. Baker**

**Upon the Petition of Juanita V. Baker, Appellee/Cross–Appellant,**

**And Concerning David M. Baker, Appellant/Cross–Appellee.**

No. 91–862.

Court of Appeals of Iowa.

March 24, 1992.

Charles Deppe and Douglas Cook of Brekken, Deppe & Wynia, P.C., Jewell, for appellant/cross-appellee.

Jere C. Maddux of Newbrough, Johnston, Brewer, Maddux & Nadler, Ames, for appellee/cross-appellant.

Heard by OXBERGER, C.J., and HAYDEN and HABHAB, JJ.

HAYDEN, Judge.

Juanita and David Baker have two children, Mark born in September 1970 and Connie born in January 1972. The parties' marriage was dissolved in 1977. The dissolution decree placed the children in Juanita's physical care and directed David to pay child support until the children reached age eighteen. The district court retained jurisdiction to determine what contribution, if any, the parties would make to the children's college educations.

Juanita filed the present application to modify the dissolution decree. Juanita requested David be required to contribute to the children's college expenses under Iowa Code section 598.1(2). The district court ordered David to pay college support as follows: $200 per month for nine months per year to Mark and $100 per month for twelve months per year to Connie.

David appeals, contending the district court erred in ordering him to pay college support because the children are estranged from him and they have publicly disowned him. David contends neither equity nor the language of section 598.1(2) requires him to pay college support under these circumstances.

Juanita cross-appeals, contending the amount of college support awarded should be greater. She also requests attorney fees and costs on appeal.

Our review in cases such as these is de novo. Iowa R.App.P. 4. We give weight to the fact findings of the trial court, especially when considering the credibility of witnesses. Iowa R.App.P. 14(f)(7). We are not bound by these determinations, however. *Id.*

Iowa Code section 598.1(2) identifies the financial obligations a court may impose on either parent under a decree of dissolution for the support of a child. The obligations may include college support. *Id.* The statute does not require college support in all cases. Rather, it allows the trial court, in its discretion, to order support of children through college under the proper circumstances. *In re Marriage of Vrban*, 293 N.W.2d 198, 202 (Iowa 1980).

Among the factors to be considered by the trial court when exercising its discretion are the financial condition of the parent, ability of the child for college work, age of the child, and whether the child is self-sustaining or not. *Id.* After considering the preceding factors, the district court ordered David to pay college support for the children concluding "Mark and Connie should be given the benefit of the doubt that they do not realize how immature, arrogant, and inappropriate their conduct is." Under the circumstances presented in this case, we disagree and reverse the decision of the district court.

Shortly after Christmas of 1987, the relationship between David and the children deteriorated. The children stopped visiting David, and they would not return David's greeting when he passed them on the street. Both children refused to discuss their change in behavior toward their father. Unfortunately, the children's mother felt no obligation or desire to promote harmonious relations between the children and David. David was never informed of the children's activities, including Mark's graduation from high school. Nevertheless, he attended many of the events in which the children participated.

Despite David's efforts to promote a relationship with his children, both Mark and Connie publicly disowned him as their father. At a community reception Mark introduced his mother but not his father, even though Mark knew his father was in attendance. Both the high school annual and the newspaper announcing the graduating students listed only Juanita Baker as Mark's parent. Connie's picture appeared in the local newspaper for her noteworthy musical accomplishments. In the accompanying article, she proclaimed herself the daughter of Juanita Baker with no mention of her father. The only time Mark and Connie met with their father after graduating from high school was to request spending money of $50 per month. In exchange, the children agreed to acknowledge their father's greetings and recognize him in public. Mark testified both he and his sister consciously and intentionally disowned their father. Mark expressed no indication

he thought his conduct was inappropriate, and he showed no remorse for his conduct. David was not informed either child was attending college until he was asked to contribute to their support.

■ Section 598.1(2) was enacted to protect children of divorced parents because of the increased possibility these children would be denied support for an advanced education by the noncustodial parent. *Vrban,* 293 N.W.2d at 202. Because the legislature chose the word "may" rather than "shall" indicates the legislature contemplated circumstances in which awarding college support would be improper. We are presented with such circumstances here. Considering the equities of this case, we conclude an award for college support for these children is not proper. In this case it was the children, not the noncustodial parent, who were responsible for the breakdown in relations. David Baker has done everything one could reasonably expect a parent to do in an attempt to maintain a relationship with his children. Before the children disowned him, David took advantage of his visitation rights. After the children disowned him, he continued to pay child support and attend the children's activities in which they participated even though they failed to acknowledge him. The children's conduct was not related to any heinous act of their father. Mark testified he had no specific reason for disowning his father other than the divorce itself.

Certain irrefutable facts are established in this case. Mark and Connie's father, David, has fully complied with all the terms the court required from him, and then some. Mark and Connie have publicly disowned David as their father. They have refused to acknowledge David as their parent in the community. Mark refused to invite David to his high school graduation and other community activities. They refused to greet or acknowledge David whenever they met him in public. They have alienated themselves from their father. They did not inform David they were attending college until they looked to him for support. David has attempted to maintain a parent-child relationship with both chil-

dren, to no avail. We agree with the trial court's assessment of Mark and Connie.

Under these circumstances we hold Mark and Connie have disenfranchised themselves as prospective beneficiaries under Iowa Code section 598.1(2) and *Vrban.* Consequently, David is not required by judicial decree to contribute financially toward their post high school education or training. Implicit in our holding is the trial court failed to do equity in ruling otherwise. *See In re Marriage of Vetternack,* 334 N.W.2d 761, 762 (Iowa 1983).

We have considered Juanita's request for appellate attorney fees and costs. Each party shall be responsible for his or her own attorney fees. Costs are taxed to Juanita.

REVERSED.