**In re the MARRIAGE OF Joann VOYEK and George P. Voyek.**

**Upon the Petition of Joann Voyek, Petitioner–Appellee,**

**And Concerning George P. Voyek, Respondent–Appellant.**

No. 91–1382.

Court of Appeals of Iowa.

Aug. 27, 1992.

L. Don Snow of Reed–Merner and Mershon, Snow & Knock, Cedar Falls, for respondent-appellant.

Ivan Ackerman of Engelbrecht, Ackerman & Hassman, Waverly, for petitioner-appellee.

Considered by DONIELSON, P.J., and SACKETT and HABHAB, JJ.

SACKETT, Judge.

The issue in this appeal is a divorced parent's obligation to provide support for an adult child who has been accepted to, but is not yet attending, a course of study beyond high school.

Respondent-appellant George P. Voyek's and petitioner-appellee Joann Voyek's marriage was dissolved in 1989. The decree dissolving their marriage provided for child support for Tracy through age eighteen or her graduation from high school and then provided:

> It is further ordered by the court that such child support shall continue beyond the time hereinbefore referred to at the level of $400 per month in the event that said child Tracy is either a full-time student or been accepted as a full-time student at any accredited trade or technical school or college providing post-high school education and which shall continue during such period of post-high school education but shall terminate when the child of the parties, Tracy Voyek, attains the age of 22 years.

Tracy graduated from high school in May 1990 and enrolled at the Hawkeye Institute of Technology. Tracy attended school at Hawkeye Institute until March 15, 1991, when she withdrew from school. Neither Tracy nor her mother notified George of Tracy's withdrawal from college. George, therefore, continued to pay the $400 per month until May 1991, when George filed an affidavit that Tracy was not enrolled in college. George did not make further payments. Joann filed an affidavit reciting that Tracy was accepted at Hawkeye Institute of Technology starting with the September 1991 term in a child care course, and that she was also accepted at LaJames College of Hairstyling for a term beginning September 30, 1991. George filed an application requesting the court to make a determination of whether support was due from March 15, 1991 to December 30, 1991.

A hearing was held on George's application on July 29, 1991. On August 19, 1991, the trial court entered an order finding Tracy had testified she will probably attend LaJames rather than Hawkeye Institute. The trial court determined it was obvious Tracy, at the time of the July 29 hearing, was not certain which of the two courses of study she would pursue. The trial court relieved George of the $400 per month support starting August 1, 1991. The trial court further ordered that George was not required to resume payment of the amount until one month prior to Tracy commencing studies.

George has appealed contending the trial court should have credited him with the support paid during the period Tracy was not in a college or a trade school.

Tracy is over eighteen but not yet twenty-two years of age. Absent the provisions of section 598.1(2), George would have no obligation to contribute to her support. *See In re Marriage of Lieberman*, 426 N.W.2d 683, 685 (Iowa App.1988). The obligation imposed on George is an obligation that would not be imposed on him were he still married to Tracy's mother. *See In re Marriage of Byall*, 353 N.W.2d 103, 107 (Iowa App.1984).

In addressing George's challenge, we look to the provision in the decree and those provisions of section 598.1(2) that authorize the court to order a divorced parent or parents to support a child after he or she has reached the age of majority. *See In re Marriage of Huss*, 438 N.W.2d 860, 861–62 (Iowa App.1989).

■ Section 598.1(2) defines support payments and provides in relevant part:

> The obligations may include support for a child who is between the ages of eighteen and twenty-two years who ... is, in *good faith*, a full-time student at a college, university, or community college, or

has been accepted for admission to a college, university, or community college and the next regular term has not yet begun; .... (emphasis added).

The insertion by the legislature of the words "good faith" places a duty on the student to show he or she is actually intent on preparing to start his or her education on a full-time basis at the next available term.

 Because the statutory obligation of 598.1(2) places an obligation on a divorced parent that he or she would not by law have if he or she were still married to the adult student's other parent, the statute must be strictly construed in fixing the obligation.

We anticipate, in most instances, the time between terms would be a three-month summer period. We recognize too that most colleges and institutions of learning beyond the high school level have fall, spring, and summer terms. Generally, the period of waiting for admission should not exceed three months unless the student shows extraordinary circumstances that justify a longer period. Frequently, the period of waiting may be less than three months.

 We agree with the trial court that George did not have an obligation to pay support after Tracy left Hawkeye Institute. Furthermore, the trial court's finding supports the conclusion that Tracy did not in good faith have a definite plan to enroll in an educational institution in the immediate future. LaJames has courses available starting each month, and Hawkeye has terms commencing in the summer months.

We determine when Tracy dropped out of her course at Hawkeye Institute on March 15, 1991, she was no longer a student entitled to support from George. We, therefore, determine George had no further obligation for support until Tracy again in good faith has enrolled in a qualified course.

 We modify the trial court order to provide the support George owed for Tracy terminated on April 1, 1991. George has a right to recover support paid after April 1, 1991, by withholding it from Joann's alimony. Joann knew Tracy was no longer in college but continued to receive the support. *See Dean v. Dean,* 175 Mich.App. 714, 438 N.W.2d 355, 359 (1989).

To qualify for the support in the future, Tracy must file an affidavit stating she has been accepted by a qualified school, is enrolled, and is attending in good faith.

Costs are taxed to respondent-appellant.

AFFIRMED AS MODIFIED.