In re the MARRIAGE OF Kathryn A.
STEELE and Richard G. Steele.

Upon the Petition of Kathryn
A. Steele, Appellant,

And Concerning Richard
G. Steele, Appellee.

No. 92–03.

Court of Appeals of Iowa.

May 4, 1993.

James S. Updegraff, West Union, for appellant.

Patricia A. Shoff and Diane M. Stahle of Davis, Hockenberg, Wine, Brown, Koehn & Shors, P.C., Des Moines, for appellee.

Considered by OXBERGER, C.J., and DONIELSON and HAYDEN, JJ.

HAYDEN, Judge.

Richard and Kathryn Steele were married on October 10, 1970. The parties have three children. The oldest child, Scott, is an adult and is not subject to the terms of the dissolution decree. Jennifer, born in May 1973, is a student at Drake University. Timothy, born in October 1975, is a high school student.

Kathryn was born on March 9, 1949. She did not work outside the home during most of the marriage. She is currently director of the Oelwein United Way where her income is $2,700, or $225 per month. She is active in many local groups and clubs. Kathryn attended college, but does not have a degree. She has no present plans for full-time employment or to continue her education.

Richard was born on April 11, 1942. After high school, he went to work for A.J. Steele Company, a closely-held family corporation engaged in the distribution of beer and wine. Richard is now the vice-president of the company and his brother Edward (Fred) is the president. Richard's income from 1988 to 1990 averaged about $109,243, and he has net monthly income of

about $6,857. Richard brought assets consisting of life insurance and stocks into the marriage.

Richard received approximately 345 shares of stock as a gift from his father. Fred received 345 shares at the same time. In 1977, Richard and Fred each purchased 125 shares from their father. After the death of their father, Richard owns 470 shares, Fred owns 470 shares, and a family trust owns the remaining 60 shares.

On July 9, 1990, Kathryn filed this petition seeking dissolution of the parties' marriage. The parties stipulated to joint legal custody of their minor child, Timothy, with Kathryn receiving physical custody.

On December 10, 1991, the district court entered its decree dissolving the parties' marriage. Richard was ordered to pay child support of $1,000 per month for Timothy while he is in high school. The court determined Jennifer and Timothy should use their own funds first for their college education expenses, and Richard should be responsible for any additional costs, not to exceed the cost of room, board, tuition, books and transportation at a state university in Iowa for a maximum of four years. Kathryn was awarded alimony of $1,500 per month until she dies or remarries, whichever occurs first.

The district court set aside to Richard the 345 shares in A.J. Steele he received as a gift and the other stock he brought to the marriage. The court found the total value of A.J. Steele was $850,000. The court discounted the value of Richard's stock by 20% because Richard held a minority interest. The value of the 125 shares purchased during the marriage was thus determined to be $680 per share, or $85,000. Richard was awarded net assets worth $205,146, which included the 125 shares of stock. Kathryn was awarded net assets worth $210,662, which included the marital residence.

Kathryn filed an appeal and Richard filed a cross-appeal.

I. *Scope of Review.*

■ Our scope of review in this equitable action is de novo. Iowa R.App.P. 4.

We are not bound by the district court's findings of fact, but we do give them deference because the district court had an opportunity to view, firsthand, the demeanor of the witnesses when testifying. *In re Marriage of Brown*, 487 N.W.2d 331, 332 (Iowa 1992).

II. *Property Division.*

A. Kathryn first contends the district court erred in setting aside to Richard the property he brought to the marriage and gifts he received during the marriage. She points out Richard received as his sole property A.J. Steele stock worth at least $234,600. Richard also owns stock in AT & T, Donaldson's Manufacturing, Bell South, and Universal Foods, which was worth about $60,000 at the time of trial. Kathryn disputes Richard's claim he brought these stocks to the marriage.

■ Generally, gifts or inheritances received by a party during the marriage are not subject to a property division unless the failure to do so would be inequitable to the other party. *In re Marriage of Oler*, 451 N.W.2d 9, 10–11 (Iowa App.1989).

■ We find the gift of A.J. Steele stock from Richard's father was made to Richard alone, not to Richard and Kathryn. We determine Kathryn has not sufficiently shown a failure to divide the gifted property is inequitable to her. We also find Richard brought the other stock to the marriage, and it should be set aside to him.

B. Kathryn contends the district court erred in its valuation of the marital assets. Kathryn's expert, Robert Pohle, testified A.J. Steele had a value of $1,205,000. Also, Kathryn believes the court should not have discounted the value of the A.J. Steele stock by 20% on the ground Richard owns a minority interest. She believes Richard and Fred share control of the company, so neither has an actual majority or minority interest. She claims the value of Richard's 125 shares is $150,625.

Kathryn also claims the court improperly valued the parties' interest in a limited partnership which they entered into for tax

purposes. Richard purchased an interest in Citi–Manhattan Partners I for $57,600. The district court found the investment had no value. Kathryn admits the investment has no market value, but states it should be valued at its "monetary tax benefit," which she values at $22,937. Furthermore, Kathryn claims the parties' 1954 Corvette should be valued at $19,500, not $12,500.

The purpose of determining value is to assist the court in making equitable property awards and allowances. *In re Marriage of Dennis*, 467 N.W.2d 806, 808 (Iowa App.1991). The general rule is that stock should be valued at market value if it can reasonably be ascertained. *Id.* However, the valuation of a closely-held corporation is difficult, and the market value of stock in a closely-held corporation can rarely be ascertained. *Id.* Because of the difficulty of the task of valuation, the law provides much leeway to the trial court. *Id.*

Richard's expert, Yale Kramer, testified the value of A.J. Steele was $850,000. Kramer discounted the value of Richard's stock 20% because it was a minority interest and another 20% for lack of free marketability. Thus, Kramer found Richard's stock had a fair market value of $510 per share. Kathryn's expert admitted a discount of between 20% to 25% should be applied, which would place his valuation of the stock between $964 and $904. The district court found the value of the company was $850,000. The court then discounted Richard's stock 20% because it was a minority interest, giving the stock a value of $680 per share.

We note Kathryn herself admits the interest in the limited partnership does not have a market value. Kathryn valued the 1954 Corvette at $19,500. Richard valued it at $8,500. The district court found the value was $12,500.

The values determined by the district court for the A.J. Steele stock, the limited partnership, and the Corvette were well within the permissible range of the evidence, and we will not disturb them on appeal. *See In re Marriage of Alexander*, 478 N.W.2d 420, 422 (Iowa App.1991).

C. Based on her previous arguments, Kathryn contends the parties have total marital assets worth $832,026. She states she should receive property worth $415,-000. She asks to receive property worth $182,212 and a cash settlement of $233,788, payable over ten years.

The partners in a marriage are entitled to a just and equitable share of the property accumulated through their joint efforts. *In re Marriage of Russell*, 473 N.W.2d 244, 246 (Iowa App.1991). The Iowa courts do not require an equal division or percentage distribution. *Id.* The determining factor is what is fair and equitable in each particular circumstance. *Id.*

Here, we have already determined the A.J. Steele stock Richard received as a gift and the stock he brought to the marriage should be set aside to him. We have also determined the district court correctly valued the parties' assets. We thus agree with the district court the parties had total assets worth $415,808. Kathryn was awarded property worth $210,662 and Richard was awarded property worth $205,146. We find this division of property is equitable and we affirm the district court.

### III. *Child Support.*

Kathryn contends the district court erred in its award of child support. She states Richard has net monthly income of about $8,200. Kathryn states her United Way salary, alimony, and investments give her income of about $31,000, which she believes will give her net monthly income of $1,700. She believes instead of having Richard pay for the children's college expenses, he should pay child support of $2,400 per month for Jennifer and Timothy while Jennifer is attending college. The amount could then be reevaluated once Jennifer is no longer in school.

We first note at trial Kathryn claimed Richard had net monthly income of $6,860, but she is now claiming his net monthly income is $8,200. We have found his net monthly income is $6,857. Because Richard's net monthly income is over

$3,001, the amount of child support awarded was within the district court's discretion. We affirm the award of $1,000 per month for Timothy until he reaches the age of eighteen or completes high school, whichever occurs last.

 We also affirm the district court's order requiring Jennifer and Timothy to use their own assets first for college expenses, and requiring Richard to pay the remainder, up to the cost of attending a state supported institution in Iowa. Under Iowa Code section 598.1(2), a court may require a parent to pay support for college expenses. *In re Marriage of Linberg*, 462 N.W.2d 698, 702 (Iowa App.1990). One of the factors to be considered is whether the children are self-sustaining or not. *Id.* Where children have substantial assets in their own names, the court may order these assets to be used first for college expenses. *See In re Marriage of Boehlje*, 443 N.W.2d 81, 84 (Iowa App.1989).

### IV. *Attorney Fees.*

A. Kathryn contends the district court should have awarded her trial attorney fees. She states her trial attorney fees were $14,518.

 Iowa trial courts have considerable discretion in awarding attorney fees. *In re Marriage of Hunt*, 476 N.W.2d 99, 103 (Iowa App.1991). To overturn an award, the complaining party must show that the trial court abused its discretion. *Id.* We find no abuse of discretion here and affirm the district court's decision.

B. Kathryn also asks for attorney fees for this appeal.

 An award of attorney fees is not a matter of right, but rests within the court's discretion and the parties' financial positions. *Id.* We are to consider the needs of the party making the request, the ability of the other party to pay, and whether the party making the request was obligated to defend the trial court's decision on appeal. *Id.* at 104. We determine each party should pay his or her own attorney fees for this appeal.

### V. *Alimony.*

In his cross-appeal, Richard contends Kathryn should receive rehabilitative alimony instead of permanent alimony. He claims Kathryn is capable of earning a living and points out she has been the director of the Oelwein United Way for a number of years. He believes she could divert her skills to more lucrative employment. Richard proposes Kathryn receive rehabilitative alimony of $1,500 per month for five years.

 Alimony is an allowance to the ex-spouse in lieu of a legal obligation to support that person. *In re Marriage of Oler*, 451 N.W.2d 9, 13 (Iowa App.1989). When determining the appropriateness of alimony, the court should consider the earning capacity of each party. *Id.* Also, the ability of the one spouse to pay should be balanced against the needs of the other spouse. *Id.*

 In this case, it is apparent Kathryn's earning capacity will never reach the earning capacity of Richard. Kathryn was forty-two years old at the time of trial and had not been employed full-time for many years. The district court awarded Kathryn alimony of $1,500 per month until she remarries or dies, whichever occurs first. We affirm this award.

### VI. *Summary.*

We have affirmed the district court on the appeal and on the cross-appeal. Costs of this appeal are assessed one-half to each party.

**AFFIRMED.**

DONIELSON, J., concurs.

OXBERGER, C.J., dissents.

OXBERGER, Chief Judge (dissenting).

I respectfully dissent. Under the principles set forth in *In re Marriage of Muelhaupt*, 439 N.W.2d 656 (Iowa 1989), I would award Kathryn an equitable share of the stock of A.J. Steele Company.