In re the MARRIAGE OF Deanna L. PENDERGAST and William R. Pendergast.

Upon the Petition of

Deanna L. Pendergast, Petitioner–Appellant,

And Concerning

William R. Pendergast, Respondent–Appellee.

No. 96–0593.

Court of Appeals of Iowa.

April 30, 1997.

---

Mark A. Tarnow of Wessels, Stojan & Stephens, P.C., Rock Island, IL, for petitioner–appellant.

Dennis D. Jasper of Stafne, Lewis, Jasper, Alexander & Preacher, Bettendorf, for respondent–appellee.

Heard by HABHAB, C.J., and HUITINK and STREIT, JJ.

STREIT, Judge.

Deanna Pendergast appeals a district court ruling denying her petition for modification of the parties' dissolution decree. Deanna contends the district court erred in concluding that her ex-husband, William, is not obligated to pay any part of their daughter Julie's college expenses and fees. She requests William pay all or part of Julie's college expenses. She requests trial and appellate attorney fees.

William and Deanna Pendergast were divorced in 1979 when their only child, Julie, was two and one-half years old. In 1988, Deanna filed a petition for modification of the decree, requesting an increase in child support to help pay for private school. The district court increased child support to $175 per week, but declined to order William to help pay for private school.

Julie, upset with her father for not paying for private school, completely cut off her relationship with him. She later asked for the return of any personal property still in her father's possession. She wrote him a letter on November 7, 1989, telling him that she "no longer considered him to be her father." She further stated in the letter that she had "come to conclude that I will not be seeing you anymore." Julie, only twelve years old at the time, showed the letter to her mother. Deanna advised Julie not to send it but said "you can go ahead if you choose to."

No significant contact occurred during Julie's teen years. Julie did invite her father to her high school graduation, but then did not list him as her parent in the program. Julie and Deanna also attended the funerals of William's parents, but Julie did not acknowledge William at either funeral. The only relationship between William and Julie con-

cerned financial matters, specifically concerning William's obligation toward child support and medical insurance coverage.

On September 19, 1994, Deanna filed a petition for modification of the decree seeking contribution from William for all or a portion of Julie's college expenses at the University of Illinois. Julie could have attended either the University of Iowa or University of Illinois, but chose University of Illinois at a cost of $17,000 per year, nearly $7000 more than University of Iowa.

The district court concluded "that Julie disenfranchised herself as a prospective beneficiary under Iowa Code section 598.1(2) [1995]." The court found that due to Julie's immature and inappropriate conduct that "persisted for seven years," Julie was not entitled to college support from William. Deanna has appealed. Deanna contends William, who earns in excess of $60,000 per year, is obligated to provide college support for Julie. She argues that Julie is an excellent student and should be given the opportunity to excel.

We review the record de novo in a proceeding to modify the custodial provisions of a decree for dissolution of marriage. *In re Marriage of Zabecki*, 389 N.W.2d 396, 398 (Iowa 1986). At the same time, we recognize the virtues inherent in listening to and observing the parties and witnesses. *Id.* Consequently, we give weight to the findings of the trial court, although they are not binding. *Id.; see also* Iowa R.App.P. 14(f)(7).

The cost of raising older children is such a change of circumstances that there should be a modification of the child support award. *In re Marriage of Linberg*, 462 N.W.2d 698, 701 (Iowa App.1990). The child support guidelines are not applicable to determine support for an unmarried adult child under twenty-two years of age who is a student. *In re Marriage of Linberg*, 462 N.W.2d 698, 701 (Iowa App.1990). We look to section 598.1(6) of the Iowa Code to determine a divorced parent's obligation to support his or her adult offsprings who are students. *See* Iowa Code § 598.1(6) (1997). This section imposes an obligation on divorced parents to help pay for their child's college education. *Id.* There is no obligation imposed on married parents of adult students. *See In re Marriage of Byall*, 353 N.W.2d 103, 107 (Iowa App.1984); *In re Marriage of Lieberman*, 426 N.W.2d 683, 685 (Iowa App.1988).

Both parents have a duty to provide college support. *Byall*, 353 N.W.2d at 107. Section 598.1(6) does not require support in all cases, but allows the trial court in its discretion to award support of children through college under proper circumstances. *Id; In re Marriage of Vrban*, 293 N.W.2d 198, 203 (Iowa 1980). In assessing William's obligation, we consider: (1) the ability of the child for college; (2) the age of the child; (3) the financial conditions of the parents; and (4) whether the child is self-sustaining. *Id.* The questions are what are Julie's needs and what are her parents' financial resources and abilities to pay. *Linberg*, 462 N.W.2d at 702 (citations omitted).

Julie was accepted at the University of Iowa and the University of Illinois. The difference in cost between Iowa and Illinois is $7000 to $10,000 more per year to attend Illinois. Julie decided to attend the University of Illinois even though the financial aid package she received at Iowa along with a $10,500 certificate of deposit being held by Deanna for Julie's education would have paid for her education. Deanna contends that if the court believes the cost of an out-of-state university is too high, then William should be ordered to pay an amount equal to one hundred percent of the cost at the University of Iowa.

If this case were just about the cost of Julie's education, it would be much simpler to decide. The situation at issue, however, is whether a child who has disowned her father, with the consent of her mother, should now have a right to impose on him an obligation to pay for her college education.

The district court found Julie has sought to punish her father from the age of twelve for his failure to agree to pay for private school tuition. The inappropriate and immature conduct has persisted for seven years. At one of the most memorable times in her life—her graduation from high-

school—Julie failed to include William. Although Julie did write a letter to invite William to her graduation, there is some speculation by the trial court whether the invite was genuine. The invitation was sent during the pendency of this action, and at graduation Deanna was the only parent announced in the program. Julie also failed to acknowledge William at either of his parents' funerals. The sins of youth should be forgiven. However, to the extent they continue into adulthood they have consequences. An angry and mean letter from a twelve-year-old child is understandable and forgivable. William was a mature adult at the time. Parents have to live with their child's immaturity.

This attitude and strained relationship continued, however, through graduation from high school and Julie becoming a young woman. It was Julie's choice to continue in this way. Although William could have done more to heal the wounds, it is not for us to say he has to pay for college for a young adult who has behaved in such a manner.

We affirm the trial court, holding Julie has disenfranchised herself as a prospective beneficiary under Iowa Code section 598.1(6). *See In re Marriage of Baker*, 485 N.W.2d 860, 863 (Iowa App.1992). The result of this holding does not deny Julie from receiving an education. She has received an adequate financial package from the University of Illinois to continue to attend and pay for college with the help of her mother and through her own financial efforts.

Deanna requests an award of trial and appellate fees and costs. We have considered the request and determine each party shall be responsible for his or her own attorney fees. Costs are taxed to Deanna.

**AFFIRMED.**

HABHAB, C.J., concurs.

HUITINK, J., dissents.

HUITINK, Judge (dissenting).

I dissent. Although the majority vindicates William's sentiments, it does so at disproportionate expense to Julie. To the extent our decision in *In re Marriage of Baker*, 485 N.W.2d 860, 863 (Iowa App.1992), elevates William's sentimental concerns to the same level as Julie's interest in educational support, it should be disavowed or overruled.