**In re the MARRIAGE OF Gary Thomas DOLTER and Vickie E. Dolter.**

**Upon the Petition of Gary Thomas DOLTER, Petitioner–Appellee,**

**And Concerning Vickie E. Dolter, Respondent–Appellant.**

**No. 99–1748.**

Court of Appeals of Iowa.

March 13, 2002.

Vickie Dolter, pro se, for appellant.

Paul Stenlund of Reynolds & Kenline, L.L.P., Dubuque, for appellee.

Considered by MAHAN, P.J., and MILLER and HECHT, JJ.

MAHAN, P.J.

Vickie Dolter appeals the decision of the district court in this modification action which requires her to pay a postsecondary education subsidy for her son. She claims: (1) her son does not meet the criteria for a postsecondary education subsidy under Iowa Code section 598.21(5A) (1999); (2) a postsecondary education subsidy should not be awarded because her son has repu-

diated her, as considered in section 598.21(5A)(c); (3) the amount of the subsidy exceeded the necessary costs of tuition, room, board, and books. We affirm as modified.

Vickie and Gary Dolter are the parents of Matthew, who was born February 23, 1981. A dissolution decree was entered for the parties in 1992. After the dissolution, Matthew lived with Vickie until shortly before his eighteenth birthday, when they had an argument. On February 15, 1999, Matthew moved in with Gary.

Vickie had previously filed a petition to modify Gary's child support obligation and to require him to pay a postsecondary education subsidy for Matthew. Gary had resisted the modification, but after Matthew came to live with him, he amended his response and agreed the parties should provide for Matthew's college expenses.

On September 7, 1999, the district court entered a modification order. The court found Matthew met the criteria for a postsecondary education subsidy under section 598.21(5A), finding Matthew had done quite well in high school academics, and he was unable to support himself. The parents had sufficient income to pay a subsidy. In 1999 Gary's net monthly income was $2070, and Vickie's was $2452. The court noted Matthew planned to attend the University of Iowa that fall and determined Matthew's costs would be $11,018 for the 1999–2000 school year. Each parent was ordered to pay $3500 per year for Matthew's college expenses. Vickie appealed.

## I. Scope of Review

Our scope of review in this equitable action is de novo. Iowa R.App. P. 6.4. In equity cases, especially when considering the credibility of witnesses, the court gives weight to the fact findings of the district court, but is not bound by them. Iowa R.App. P. 6.14(6)(g).

## II. Criteria for Subsidy

█ Vickie first contends Matthew did not meet the criteria to receive a postsecondary education subsidy under section 598.21(5A). This section provides:

In determining whether good cause exists for ordering a postsecondary education subsidy, the court shall consider the age of the child, the ability of the child relative to postsecondary education, the child's financial resources, whether the child is self-sustaining, and the financial condition of each parent.

Iowa Code § 598.21(5A)(a).

Here, Matthew was eighteen years old and had a good academic record in high school. Matthew had limited financial resources of his own, and he did not earn enough income to be considered self-sustaining. In addition, the parents earned sufficient income to be able to pay a postsecondary education subsidy for Matthew. We agree with the district court's conclusion Matthew met the criteria found in section 598.21(5A)(a).

## III. Repudiation

█ Vickie asserts the district court should not have ordered her to pay a postsecondary education subsidy for Matthew because he has repudiated her. Section 598.21(5A)(c) provides:

A postsecondary education subsidy shall not be awarded if the child has repudiated the parent by publicly disowning the parent, refusing to acknowledge the parent, or by acting in a similar manner.

A child who has disowned a parent does not have a right to impose upon that parent an obligation to pay for his or her college education. *In re Marriage of Pen-*

*dergast,* 565 N.W.2d 354, 356 (Iowa Ct. App.1997); *see also In re Marriage of Baker,* 485 N.W.2d 860, 862 (Iowa Ct.App. 1992) (finding father not required to pay college expenses of children who consciously and intentionally disowned him).

The evidence in this case does not show Matthew had repudiated Vickie. Matthew testified that since he moved out of his mother's home his relationship with her was "okay." He stated he saw her about once a week and called her on the telephone. Matthew did not encourage Vickie to attend his high school graduation ceremony, but also, he did not argue with her when she said she was going to attend. Vickie admitted she helped decorate Gary's home for Matthew's graduation party. We conclude there is insufficient evidence of repudiation in this case.

## IV. Necessary Postsecondary Education Expenses

 Section 598.21(5A)(a)(1) provides:

The court shall determine the cost of postsecondary education based upon the cost of attending an in-state public institution for a course of instruction leading to an undergraduate degree and shall include the reasonable costs for only necessary postsecondary education expenses.

Generally, a parent's responsibility has been limited to the costs of tuition, room, board, and books. *See In re Marriage of Sojka,* 611 N.W.2d 503, 504 (Iowa 2000); *In re Marriage of Maher,* 596 N.W.2d 561, 564 (Iowa 1999); *In re Marriage of Hess,* 522 N.W.2d 861, 864 (Iowa Ct.App.1994); *In re Marriage of Richards,* 439 N.W.2d 876, 880 (Iowa Ct.App.1989). However, there are some exceptions in the area of transportation and personal expenses. Where a child lived at home and commuted to class a parent was ordered to contribute to the child's gasoline expenses, but not the child's truck payments, insurance, or miscellaneous expenses. *In re Marriage of Hull,* 491 N.W.2d 177, 179 (Iowa Ct.App.1992); *see also In re Marriage of Steele,* 502 N.W.2d 18, 20 (Iowa Ct.App. 1993) (parent responsible to contribute to costs of room, board, tuition, books and transportation). In the past, we have generally not required a parent to pay a child's personal expenses. *See In re Marriage of Springer,* 538 N.W.2d 897, 901 (Iowa Ct.App.1995) (parent not responsible to pay child's sorority dues and telephone bills); *but see In re Marriage of Hankenson,* 503 N.W.2d 431, 432 (Iowa Ct.App. 1993) (parent to pay costs of tuition, books, room, board, plus "such personal and clothing expenses as he and the child might agree on . . . .").

Our review of the case law leads us to the conclusion that there is a need for clarification of the term "necessary postsecondary education expenses" as used in section 598.21(5A)(a)(1). We now specifically hold that the term "necessary postsecondary education expenses" means tuition, room, board, and books, including mandatory fee assessments for such things as laboratory, student health, and computer use. The definition and limitation as set out above does not preclude the parties from entering into a stipulation covering additional expenses.

## V. Amount of Subsidy

 Vickie contends the district court ordered the parties to contribute more than was necessary for Matthew's postsecondary education subsidy. She claims the court included costs not necessary for Matthew's education in the subsidy.

The district court used a document provided by the University of Iowa Office of Student Financial Aid, which showed the costs of attendance for the 1999–2000

school year as follows: tuition and fees—$2786; health/computer fees—$212; books and supplies—$820; room and board—$4370; personal—$2330; and transportation—$500; for a total of $11,018.

We review the decision of the district court in light of the case law existing at the time of the decision. With regard to transportation and personal expenses we find no evidence in the present case to show these costs are necessary to Matthew's education. In addition, we find no evidence in the record to accurately determine what Matthew's personal expenses would be. We therefore conclude said expenses should not be included in determining Matthew's postsecondary education subsidy. We determine the necessary costs of Matthew's education for 1999 2000 should be considered $8188. We further determine Vickie should be responsible to pay $2729.33 per year for Matthew's college expenses.

Finally, Vickie claims the district court did not fully consider Matthew's expected contribution to his educational expenses. *See* Iowa Code § 598.21(5A)(a)(2). At the time of the hearing, Matthew did not have any scholarships, grants, or loans for the 1999–2000 school year. The court did order that each semester Matthew should notify his parents of any scholarships, grants, or loans he receives. Thus, any financial aid Matthew receives in the future will be considered.

We affirm the district court decision as modified. Costs of this appeal are assessed one-half to each party.

**AFFIRMED AS MODIFIED.**