# IN THE COURT OF APPEALS OF IOWA

No. 17-0108
Filed September 13, 2017

IN RE THE MARRIAGE OF BENJAMIN P. KRUSE
AND JESSICA L. KRUSE

Upon the Petition of
BENJAMIN P. KRUSE,
      Petitioner-Appellant,

And Concerning
JESSICA L. KRUSE, n/k/a JESSICA L. KNOCK,
      Respondent-Appellee.
_____

      Appeal from the Iowa District Court for Clay County, Carl J. Petersen, Judge.

      Benjamin Kruse appeals the district court's order requiring him to pay a post-secondary education subsidy for his daughter. **AFFIRMED.**

      Matthew G. Sease of Kemp & Sease, Des Moines, and Randall G. Sease of Sease Law Firm, Hartley, for appellant.

      David A. Scott of Cornwall, Avery, Bjornstad & Scott, Spencer, for appellee.

      Considered by Vaitheswaran, P.J., and Doyle and Bower, JJ.

**BOWER, Judge.**

Benjamin Kruse appeals the district court's order requiring him to pay a postsecondary education subsidy for his daughter, Tari. We find Tari did not repudiate her father and affirm the district court's order.

## I. Background Facts and Proceedings

Tari, born in 1997, is the child of Benjamin Kruse and Jessica Knock. Benjamin and Jessica married in 1998, divorced in 1999, remarried six months later, and were divorced again in 2000. Benjamin was granted visitation every other weekend, some holidays, and half of Tari's summer vacation. In 2000, Benjamin moved to Georgia and visited Tari once or twice a year. Benjamin returned in 2007 but only saw Tari sporadically.

The relationship between Benjamin and Tari was troubled. In 2012 an exchange of text messages culminated with Tari stating she considered her step-father to be her real father. Tari also demanded Benjamin stay away from her. In 2014, Tari's last name was changed from Kruse to Knock, though she stated she had used Knock as her last name for "religious education, spelling bees, educational achievements, sport achievements, applications, FFA, 4H, Girl Scouts, etc." Tari's affidavit in support of her petition for name change also stated she wished to end the confusion of having two last names and for her last name to match that of the family with whom she lived.

To support his position, Benjamin gives great weight to an interaction at Tari's high school graduation. Tari sent Benjamin an invitation, though she was uncertain if he would attend. At the graduation, Tari presented her mother and step-father with roses and gave them a hug. When she saw Benjamin, she

approached him, gave him a hug, but did not present him with a rose. Benjamin was never informed of Tari's high school grades, her college plans, or her intended major.

The district court noted Benjamin "has had only two contacts with Tari over the past several years. That contact was at his mother's funeral and Tari's graduation." Benjamin testified reestablishing visitation was difficult as there was always "something more important going on" when he would request visitation. Under examination by the district court, Benjamin stated he "gave up" trying to establish a relationship with Tari after his attempts were rebuffed.

Tari attends college and brought an action to compel Benjamin to contribute to her postsecondary education on June 22, 2016. Trial was held January 4, 2017, and the district court required Benjamin to contribute $2000 per semester. Benjamin now appeals.

## II. Standard of Review

Petitions to determine postsecondary education support are actions in equity, and therefore, our review is de novo. *See In re Marriage of Vaughan*, 812 N.W.2d 688, 692 (Iowa 2012).

## III. Repudiation

Benjamin claims the district court acted improperly in determining Tari had not repudiated Benjamin as a father. "A postsecondary education subsidy shall not be awarded if the child has repudiated the parent by publicly disowning the parent, refusing to acknowledge the parent, or by acting in a similar manner." Iowa Code § 598.21F(4) (2016). Benjamin points to Tari's name change, use of the name Knock on applications and school documents, failure to give Benjamin

a rose at her high school graduation, lack of contact, and the text message exchange in which she stated she considered her step-father to be her real father.

The district court correctly pointed to case law requiring "that the children take significant steps to publicly disown the parent." In cases where repudiation has been found, the children have purposefully discontinued contact and visitation with the repudiated parent. *See In re Marriage of Pendergast*, 565 N.W.2d 354, 356 (Iowa Ct. App. 1997) (holding the father was repudiated by "inappropriate and immature conduct . . . [that] continu[ed] into adulthood"); *In re Marriage of Baker*, 485 N.W.2d 860, 862 (Iowa Ct. App. 1992) (holding the children "alienated themselves from their father")

Tari's name change, and the use of Knock before the name was legally changed, occurred for the express purposes of reducing confusion, avoiding awkward explanations, and unifying Tari's last name with that of her custodial parents. This action was not an express public repudiation of Benjamin, even if it invoked an emotional reaction on his part. Likewise, failing to present Benjamin with a rose at the graduation ceremony, while an emotional moment, did not constitute express public repudiation as Benjamin was acknowledged in a substantially similar manner to Jessica. Tari invited Benjamin to the ceremony but was unaware he would be attending. When she noticed he was at the ceremony, she sought him out and hugged him. During questioning by the court, Benjamin admitted he was at fault for the lack of contact and visitation and he "gave up" when visitation proved hard to schedule. The district court also properly found Tari's emotional and angry "text message making clear her

disgust with Benjamin [was not a positive action] to repair the relationship. However, [her actions] do not reach the level of repudiation" required under the statute.

We concur with the district court's finding Benjamin was responsible for the breakdown in the relationship. Tari's behavior can be fairly viewed as disrespectful and immature, but ultimately, it was Benjamin's decision not to seek visitation that caused a breakdown in the relationship. We find Tari did not repudiate Benjamin and affirm the district court.

**AFFIRMED.**