# IN THE COURT OF APPEALS OF IOWA

No. 23-1314
Filed April 10, 2024

**REHNEA A. BARTHOLOMEW,**
     Petitioner-Appellee,

**vs.**

**JASON R. STANBROUGH,**
     Respondent-Appellant.
_____

Appeal from the Iowa District Court for Page County, Margaret Reyes, Judge.

The father appeals the denial of his petition to modify a custody decree. **AFFIRMED.**

Jon H. Johnson of Johnson Law, P.L.C., Sidney, for appellant.

DeShawne L. Bird-Sell of Sell Law, PLC, Glenwood, for appellee.

Brenna Bird, Attorney General, and Richard D. Arnold and Gary J. Otting, Assistant Attorneys General, for appellee State of Iowa.

Considered by Bower, C.J., and Schumacher and Buller, JJ.

**BULLER, Judge.**

Jason Stanbrough appeals the district court's denial of his petition to modify the physical-care provision of the custody decree for his child with Rehnea Bartholomew. On our review, we find Jason failed to prove a substantial change in circumstances. We affirm the denial of his petition.

### I. Background Facts and Proceedings

Jason and Rehnea were in a relationship from 2010 until 2017. The two never married but had a child together in 2011. A 2018 stipulated parenting plan established Rehnea would have physical care of the child and Jason would have liberal visitation. That visitation included Jason having the child every other weekend and one day during the week.

Jason filed a petition to modify that plan in 2022, seeking physical care of the child based on Rehnea's new job. Rehnea worked at the United States Postal Service as a mail carrier until that year, when she took a new job with the county sheriff. In her new employment, Rehnea works twelve-hour shifts (6:00 a.m. to 6:00 p.m.) on a rotation. In her words: "It's a two-week rotation. This week on Friday, Saturday, Sunday I'm off. This is my weekend with my son. I will work Monday, Tuesday next week. Then I will be off Wednesday, Thursday. And then I will work Friday, Saturday, Sunday, and that is his dad's weekend."

Jason changed his request to shared physical care of the child at trial. He expressed concern the child would spend twelve hours per day outside the care of his parents, though Jason admitted he did not know the exact details of Rehnea's work schedule. Jason wanted the child to stay with him while Rehnea was working, reasoning that he could provide superior care during those times. The only

negative incident Jason cited was that the child called him a couple of times after 10:00 p.m. "bored and just lonely" and missing Jason. Rehnea was home but in bed, as was the child's brother.

Rehnea agreed her work and living arrangements had changed some since she and Jason ended their relationship. But she maintained those changes were to better provide and care for the child and his brother. She emphasized she only worked weekends when Jason had the child, and that she had two days off during the week—so her new position afforded more parenting time at home, not less.

The district court denied Jason's petition, finding he failed to prove a substantial change in circumstances. He appeals.

## II.     Standard of Review

"Our review of a modification proceeding is de novo in light of the fact the case was heard in equity." *Christy v. Lenz*, 878 N.W.2d 461, 464 (Iowa Ct. App. 2016). "At the same time, we recognize the virtues inherent in listening to and observing the parties and witnesses." *In re Marriage of Pendergast*, 565 N.W.2d 354, 356 (Iowa Ct. App. 1997). "In equity cases, especially when considering the credibility of witnesses, the appellate court gives weight to the fact-findings of the district court, but is not bound by them." Iowa R. App. P. 6.904(3)(g).

## III.     Discussion

On appeal, Jason advances two arguments: that the district court erred in finding Rehnea's new employment was not a substantial change in circumstances and that the district court should have ordered shared physical care. Because we find no substantial change in circumstances, the district court correctly denied Jason's petition and we need not consider shared physical care.

In seeking to disturb the physical-care status quo, Jason had to prove by a preponderance of the evidence that conditions related to parenting the child have materially and substantially changed since the 2018 custody decree. *See In re Marriage of Frederici*, 338 N.W.2d 156, 158 (Iowa 1983). To be material and substantial, changed circumstances must meet three criteria: (1) the court did not contemplate those circumstances when entering the decree; (2) the changes are essentially permanent; and (3) the changed circumstances relate to the welfare of the child. *See id.* To warrant modification, the parent seeking to change custody bears the burden to prove a superior ability to care for the child. *In re Marriage of Hoffman*, 867 N.W.2d 26, 32 (Iowa 2015).

The district court found no material and substantial change relating to the child's welfare. While Rehnea's work schedule had changed, the court found this was not to the detriment of the child as Rehnea could now spend more time with him. We also recognize Jason has care of the child on the weekends Rehnea is required to work and at least some days Rehnea works during the week. And when she does have care of the child on a day she works, the child is in school most of the hours Rehnea is away from the home—the same as most working parents. Jason has neither alleged nor proven Rehnea was negligent or remiss in her caretaking since starting her new job. Thus, Jason has not established a negative effect on the child's welfare.

"The heavy burden upon a party seeking to modify custody stems from the principle that once custody of children has been fixed it should be disturbed only

for the most cogent reasons." *Frederici*, 228 N.W.2d at 158. Because there was no cogent reason to disturb the status quo here, we affirm.

**AFFIRMED.**